# IN THE MATTER OF THE PROCEEDINGS FOR THE DISBARMENT OF WILLIAM MALONEY, an Attorney at Law.

(129 N. W. 74.)

**Attorney at Law — Disbarment Proceedings — Sufficiency of Evidence.**

1. *Held:* That the findings of the trial court in favor of the accused on certain charges are sustained by a preponderance of the evidence, but the charge that he has been guilty of disrespect to the court in connection with proceedings in a certain transaction set out in the evidence is not supported by any evidence regarding that transaction.

2. *Held:* further, that the charge of attempting to deceive the court in violation of his duty as an attorney is not sustained by that degree of clearness which justifies the court in suspending an attorney, particularly in view of the accused's explanation of the transaction and the absence of evidence in direct conflict with his version.

Opinion filed December 21, 1910.

---

Note.—Judge's neglect for years to decide disbarment case does not preclude his successor passing upon and basing a decision on same facts and matters occurring later. Re Crum, 7 N. D. 316, 75 N. W. 257. Disbarment proceedings must be tried upon testimony of witnesses, not their affidavits, to save accused's right of cross-examination. Re Simpson, 9 N. D. 379, 83 N. W. 541. Proceedings under the statute to suspend, or revoke an attorney's license, is not criminal in its procedure. State v. Root, 5 N. D. 487, 57 Am. St. Rep. 568, 67 N. W. 590; Re Crum, supra; Re Kirby, 10 S. D. 416, 73 N. W. 908. Proceedings for disbarment and contempt cannot be united. State v. Root, supra. Courts, having the power to admit an attorney, have inherently the power to disbar. Re Simpson, supra. May disbar for misconduct in any court, state, Federal, trial, or appellate. Ibid. While disbarment proceedings may be instituted in the supreme court, they should arise in the district courts, unless the offense complained of occurred in the supreme court or arose out of its order. Re Freerks, 11 N. D. 120, 90 N. W. 265. Misconduct that warrants suspension. Ibid.; State v. Root; Re Simpson; and Re Crum, supra. False statement to another attorney in court as to the whereabouts of a paper, and that he removed it from the court files, innocently, is not false statement to a court authorizing disbarment. Re Eaton, 4 N. D. 514, 62 N. W. 597. May be disbarred for his misconduct as state's attorney, although there is no accusation against him as attorney as to private professional conduct. Re Voss, 11 N. D. 540, 9 N. W. 15; Re Simpson, supra. Concealing his disbarment in another state, representing himself as a practitioner of that state, while so disbarred, warrants his disbarment in this state. Re Olmstead, 11 N. D. 306, 91 N.

Appeal from the District Court of Williams county from a judgment suspending William Maloney from the practice of law for ninety days, and requiring him to make application and proof of compliance with the judgment of suspension before he can be reinstated; *Burr*, Special Judge.

Reversed.

*William Maloney,* in *pro per.*

*A. J. Bessie, Edwin A. Palmer,* and *Frank Fisk,* for respondent.

SPALDING, J. This is an appeal from a judgment of the district court of Williams county suspending William Maloney, of Wheelock, in said county, a member of the bar of this state, from the practice of law in all the courts of the state for a period of three months, and providing that after the expiration of such three months, upon proper application and notice to the prosecuting committee and due proof of

W. 943. Proofs that accused has reformed as result of his discipline, and is now of good moral character, and trustworthy, that his misconduct was the result of youthful indiscretion and radical misconception of duty, will warrant reinstatement of a disbarred attorney. Re Simpson, supra, and Re Egan, — S. D. —, 129 N. W. 365. Acts of partner of accused, not participated in by the latter, do not warrant a disbarment. Re Whittemore, 14 N. D. 487, 105 N. W. 232. On dissolution of a law firm by disbarment of a member, contracts may be completed by the remaining partners, and existing contracts for services will be determined under existing partnership contracts. Bessie v. Northern P. R. Co. 14 N. D. 614, 105 N. W. 936. Procuring all of the property of a mentally incompetent client, is ground for disbarment. Re Egan, 22 S. D. 355, 117 N. W. 874. Right to disbar inherent in courts, regardless of statute, and statutory grounds do not exclude others. Id. Criticism of judicial officers after the termination of a case, no grounds for disbarment. Re Egan, 24 S. D. 301, 123 N. W. 478. Good moral character to warrant reinstatement not shown. Id. A state's attorney being concerned in a civil action based on facts upon which he must prosecute criminally, such conduct being forbidden by law, cannot plead ignorance of the statute in defense of disbarment proceedings. Re Schull, 25 S. D. 602, 127 N. W. 541. Attempt to corrupt a witness in case being tried by an attorney is ground for his disbarment. Re Harben, — S. D. —, 129 N. W. 561. Disbarment takes away all privileges of an attorney,—precludes his practice in all courts. Danforth v. Egan, 23 S. D. 43, 119 N. W. 1021. Election as state's attorney after disbarment does not reinstate him. Ibid. One proceeded against for disbarment, cannot plead that the acts of which he was accused were done three days before his admission to practice. Re Elliott, 18 S. D. 264, 100 N. W. 431. Certain other acts warranting a disbarment. Id.

compliance with the judgment of suspension, he may be reinstated. The period of suspension has more than elapsed, but the judgment relating to proof of compliance with the order is still in force, and appellant insists that if the findings and judgment of the trial court are not sustained by the record, he has the right to practise law without being subject to the burden of making such application and proof.

Complaint was made to the judge of the eighth district, and accusations in writing were filed against the respondent with the clerk of the district court of Williams county, and were ordered served upon the appellant, who was required to file his verified answer to such accusations. Frank Fisk, Aaron J. Bessie, and E. A. Palmer, members of the bar of Williams county, were appointed to prosecute the charges. Appellant answered by way of general denial, and, on his filing an affidavit of prejudice against Honorable E. B. Goss, judge of the eighth district, Honorable A. G. Burr, judge of the ninth district, was called in and presided at the hearing of such charge. We need not rehearse the separate charges. It suffices to say the court found the first and second not sustained by the evidence; the charge of being guilty of wilful violation of his duty as an attorney and counselor in seeking to mislead the judge of that court, by means of artifice and fraud, for the purpose of gaining an advantage, sustained by competent evidence, and the charge of being guilty of failing to maintain the respect due to courts of justice of the state, sustained by competent evidence so far as involved in the third charge, but not in other respects. We shall not review the findings of the trial court on the charges found unsustained, further than to say that we are satisfied that the trial court was justified in so finding. The evidence on these charges was conflicting, and we are impressed with the belief that the accusations were not sustained by a preponderance of the evidence. We say this without deciding that we have the power of review of charges on which the trial court has acquitted appellant. As to the finding that he had failed to maintain the respect due to courts of this state, as shown by the evidence taken, as involved in the third charge, we have very carefully considered the same. Neither the findings nor the briefs point out the particular respects in which the court found defendant had been guilty of violating this duty of an attorney, and we are unable to determine on what evidence this finding is predicated. We therefore hold that the court

was in error as to that finding. Did this finding not specify the third charge, we might be able to sustain it, although there is a serious conflict in the evidence directed to that point in connection with other things.

As to the finding that appellant had been guilty of wilful violation of the duty of an attorney and counselor in seeking to mislead a judge of the court by means of artifice and fraud, etc., a majority of this court concludes that the finding is not sustained by that certainty necessary to warrant the judgment of suspension.

Briefly, the facts in connection with the accusation on that subject were that one Stewart and wife had sustained a loss by fire destroying property insured for $1,500. They were indebted to one Doughty, an attorney, for services rendered, amounting to $350. The fire loss was adjusted at $962.50 or thereabouts, and by an instrument in writing duly executed, Stewart and wife assigned the policy before payment to appellant, he agreeing to pay them therefor 90 per cent of the value of the policy. Doughty commenced an action against the Stewarts as debtors and the Insurance Company and appellant as garnishee defendants. Service was made and, by arrangement, the proceeds of the policy were deposited in court to relieve the insurance company of further liability. Appellant, as garnishee defendant, answered denying all liability to the Stewarts. Subsequently he and Doughty entered into a stipulation that there was due the Stewarts $175, and Doughty stipulated to release all claim to the remainder of the insurance money. The proceedings relating to this matter, which are quite complex, need not be recited in detail, but they furnish the basis of the charge of attempting to deceive the court. Maloney's contention is that the stipulation admitting on his part that $175 was due the Stewarts was not intended as an admission of that fact, or of the untruthfulness of his answer as garnishee defendant, or of his contention throughout the course of the proceedings, but that it was made by reason of Doughty suggesting that he would rather accept $175 in full, than to have litigation over his fees as an attorney, and that thereupon appellant told Doughty he would stipulate that there was that much due, and did so accordingly. It is claimed to be simply the exercise of the right to buy his peace, an admission made solely for the purpose of settling the controversy. On the hearing of the accusations, voluminous evi-

dence was introduced with reference to this transaction. Appellant undertook to show that he had at no time been indebted to the Stewarts after the commencement of the garnishment proceedings, by showing charges for services against them in numerous matters which he claims he had been employed to attend to as attorney, and which were unpaid. He kept no books. After reviewing his testimony, it is far from satisfactory as to his claims. In cold type it reads very much as though the major portion of his charges against the Stewarts were the result of an afterthought, and made to support his denial of liability, but in the absence of testimony in conflict with his version of the affair, we do not feel justified in upholding the judgment.

We deem it proper to remark that the record in this case, although we find in appellant's favor, discloses methods employed by him of seeking and obtaining legal business and of dealing with clients, which is highly reprehensible, and which would not be pursued by an attorney having a proper appreciation of the ethics of his profession and the duties owing clients and litigants. No member of the community is charged with the exercise of a higher degree of good faith, fairness, and honesty in his dealings with others and in his treatment of clients, than an attorney at law. He is an officer of the court, and should be possessed of a high appreciation of ethical and moral duties, and we trust that the accused may hereafter appreciate them more fully than he appears to have done in the past. The argument contained in his brief is very largely composed of highly improper reflections upon the judge ordering the hearing and the judge who presided, all of which is unwarranted, as we believe, and certainly is not justified by anything contained in the record before us.

The judgment of suspension is reversed, without costs. All concur.