## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

## RE WILLIAM MALONEY.

(153 N. W. 385.)

**Disbarment proceedings — hearing on — civil action against attorney — dismissal of — has no bearing on.**

    1. Dismissal of a civil action against attorney for moneys unlawfully detained by him has no bearing upon disbarment proceeding.

**Client's interest — abandonment of by attorney — retention of fees paid — for services — not rendered — duties of attorney — wilful violation of — disbarment.**

    2. Abandonment of client's interest and retention of the fees paid for services, which are not rendered, constitute a wilful violation of the duties of an attorney and counselor sufficient to warrant disbarment.

Opinion filed June 7, 1915. Rehearing denied July 1, 1915.

---

Note.—That an attorney who, upon demand, retains money collected for his client, or fraudulently appropriates money which has come into his hands in a professional way, is not of such honesty and good character as to make him worthy of the confidence of the public and his clients, is the almost universal rule, as honesty, probity, and good moral character are necessary qualifications for the practice of his profession. For cases supporting this proposition, and for a further discussion of the matter, see note in 19 L.R.A. (N.S.) 414, on disbarment or suspension of attorney for withholding client's money.

For a discussion of the grounds of disbarment of attorneys and counselors at law, see notes in 95 Am. Dec. 335, and 45 Am. St. Rep. 71, page 78 of which takes up the question of the misappropriation of moneys.

    35 N. D.—1.

Disbarment proceedings against William Maloney.

Original action in this Court.

*R. A. Nestos, John A. Layne,* of the committee on grievances of the State Bar Association for the prosecution.

*W. G. Owens,* for William Maloney.

LEIGHTON, Special Judge. This is an action commenced against William Maloney, a member of the bar of this state, under §§ 808 et seq. of the Compiled Laws of 1913, providing for the filing of charges in this court against any member of the bar in this state, and the prosecution of said charges by a committee of the said bar association. The original accusation charging two particular offenses was filed, and afterwards an additional charge was also filed. The original charge was served upon William Maloney, as well as the subsequent charge containing the additional accusation.

The first accusation in substance charges that William Maloney was practising law in Williston during the years 1911 and 1912, and that one O. P. Bakken was engaged in the general mercantile business in Tioga, North Dakota; that about February, 1912, Bakken employed Albert J. Stafne and William Maloney, who were then practising law in Williston as a copartnership to commence certain proceedings in his behalf, which are more fully discussed in the opinion, and that the defendants were paid the sum of $700 in merchandise for said services, and that, after said services were paid for, the said copartnership, consisting of Stafne & Maloney, or either of them, thereafter performed no services, and failed on demand to return any part of the consideration, and appropriated the same to their own use.

The second accusation was concerning an action by Effie Wegley, who employed William Maloney to represent her in a certain action in Williams county, in which it was charged in substance that defendant Maloney represented to his client that he could make settlement of said action, and for that purpose obtained the sum of $50, which he appropriated to his own use, and failed thereafter to return the same.

The third accusation was in regard to a certain transaction before the land department, whereby it was charged he defrauded one Laura Hosmer out of the sum of $600. To all these different accusations William Maloney filed his answer, alleging a general denial of all the charges.

For the purpose of taking testimony, Honorable Frank E. Fisk, judge of the Eleventh district, was appointed by this court as a commissioner, and testimony was taken and submitted to this court without findings or conclusions. The matter comes up at this time upon the pleadings and the evidence taken before the commissioner, and without oral argument.

It is very evident from the testimony that Stafne & Maloney were employed by Bakken for the express purpose of instituting bankruptcy proceedings in the first instance, and either at that time or shortly afterwards to commence an action against one Sordahl, to set aside a certain deed, or to commence a personal action for damages against said Sordahl. It is not material in this controversy which of the latter actions they were to commence. It is equally clear that Stafne & Maloney also received goods from the Bakken store of the value of $202. This was within a very few days after they were first employed. It is also clearly shown that immediately after these goods were taken, or about the same time, Stafne & Maloney took a $500 chattel mortgage against the entire stock of merchandise belonging to Bakken. This merchandise was of the value of at least $1,000. It is true that Bakken turned over the stock of merchandise and fixtures to Stafne & Maloney shortly after this mortgage was given, but it is equally clear that the same was done with the bankruptcy proceedings in Bakken's mind at that time. However, that is not very material whether it was for that purpose or not; it does not change in any manner the conclusion reached. The entire stock of goods was sold by Stafne & Maloney under the $500 chattel mortgage, and the entire proceeds inured to their benefit. Different times thereafter Bakken saw and also wrote Stafne & Maloney regarding the action to be taken relative to the original employment. Nothing was ever done. No proceedings in bankruptcy were taken, and no action against Sordahl was commenced. From the time the goods were sold under the mortgage, there seemed to be no desire for action of any kind by Stafne & Maloney. There seems to have been various excuses offered, promises of future action, and an apparent effort made to drag the matter along and tire out Bakken, in which Stafne & Maloney were entirely successful. At no time, however, did Stafne & Maloney or either of them ever return any of the consideration or offer so to do.

It is claimed by Maloney that the stock taken was of little value, but

a part of the goods were afterwards sold for $475, and also other goods turned over to creditors of Bakken in Williston. Stafne & Maloney did not care to have the transaction viewed too closely, and it is easy to understand why local people should be appeased if possible. Certain matters stand out clear and apparent. First, an employment and payment, and failure to perform only a very slight service for that payment.

It is impossible to draw any conclusion from the testimony, except that the money collected was without consideration, fraudulent, and with a corrupt design to deprive Bakken thereof without anything in return.

Maloney also contends that because a certain action commenced by Bakken against Stafne & Maloney to recover the amount paid by Bakken was dismissed by the plaintiff after the testimony in this action was taken should act as a bar to this action. It is unnecessary to discuss such a claim,—it is much like the explanations he has made in his testimony, and not worthy of consideration. The court is not bound by any such action, and is not governed by any action third parties see fit to take, for too many things enter into the dismissal of actions for us to give this contention any consideration.

There is an attempt on the part of Maloney to shift the blame upon Stafne. There is no question but Maloney and Stafne were in partnership during all the time the transaction took place; that Maloney shared in the proceeds of all the goods from Bakken's store, that he was present during a part of the transaction, and there has been no offer on his part to return any of the consideration. No other conclusion can be drawn but that he acquiesced in the transaction, and until the hearing of this action there is nothing to indicate but that he was satisfied. It is also evident that he knew at all times the nature of the transaction; and, such being the case, he cannot now complain.

The entire proceeds of the stock of goods came into the hands of Maloney & Stafne by reason of their employment as attorneys by Bakken. While they may have been acting in good faith at the time of the employment, they failed to take any action, and abandoned their client's interests. In equity and good conscience they should have returned the consideration, but there never was an offer made so to do. Certainly their retention of money after all efforts had been closed to render any services would constitute a wilful violation of the duties of an

attorney under our statute. It is impossible to draw any distinction between this state of facts and one in which attorney fraudulently appropriates to his own use money which comes into his hands in a professional way, and such cases have almost universally been held to constitute sufficient cause for disbarment.

As a result of the views expressed upon the first accusation it is unnecessary to present any findings upon the remaining ones. Sufficient to say the conduct as shown by the evidence fails to receive our approval. See also Re Maloney, 21 N. D. 157, 129 N. W. 74, for former proceedings.

An order of disbarment will be entered against William Maloney.

Goss and CHRISTIANSON, JJ., not participating. Hon. K. E. LEIGHTON, Judge Eighth Judicial District, sitting by request.