## In Re MORRISON.

### (178 N. W. 732.)

(File No. 4359.   Opinion filed July 15, 1920.)

1.  **Evidence—Disbarment Proceedings—Statutory Cross-examination of Respondent, Tenability, Competency, Civil, Not Criminal, Action.**

In a proceeding for disbarment of an attorney, held, that Laws 1919, Ch. 72, (Sec. 2714 Code 1919,) providing that an adverse party, etc., may be examined as a witness at instance of the adverse party, applies to a proceeding for disbarment of an attorney; such proceeding being civil in nature, and not a criminal action.

2.  **Disbarment—Wrongfully Filing Criminal Complaints at Remote Place, Causing Detention in Custody—Acting as Citizen, Not Attorney, Whether Effecting Amenability to Disbarment.**

The fact that an attorney who is being proceeded against for disbarment, was found to have acted as a citizen, not as an attorney, in wrongfully filing criminal complaints charging criminal libel, they having been filed in a place far from defendant's residence and where the alleged libels were committed, etc., did not lessen his amenability to disbarment.

3.  **Disbarment—Causes For:   Representing Conflicting Interests Without Fair Disclosure; Wrongfully Filing Criminal Complaints at Remote Place, Causing Arrests on Sunday, Detention in Custody Remote From Bail, Maliciously Causing Published Attack of Arrested Party; Taking Advance Fees, Nonrendition of Services, Neglecting Client's Interests; Failing to Bring Alleged Foreign Suit; Causing Publication of Self-eulogistic Articles Derogatory of Other Attorneys—Evidence Warranting Disbarment.**

Where, in a disbarment proceeding, the evidence shows that respondent represented persons having conflicting probate interests, without full and fair disclosure to those later employing him; that he wrongfully and oppressively caused four complaints charging criminal libel to be filed thirty-five miles from defendant's residence (where the alleged libels were committed) and caused them to be arrested on Sunday and transported overland, and who by reason of their inability to there secure bail were kept in sheriff's custody nearly two days, no justifiable reason appearing why complaints should not have been filed at place of residence; that he while retained as special counsel for prosecution, maliciously caused a newspaper publication attacking one then under arrest for felony, which article tended to inflame the community in which defendant

would be tried and to prevent fair trial; that he in two cases received in advance fees for services to be rendered clients, then abandoned their interests; that he undertook to bring a foreign suit for malpractice, but though representing he had done so, failed therein, and also testified falsely in that behalf; that he caused a newspaper publication in his home town of many bombastic articles laudatory of himself and professional achievements, and derogatory of other attorneys; held, that the evidence warrants his disbarment from law practice and cancellation of his license; that while neglect of client's case might under the circumstances be palliated, his wilfull misrepresentation therein was inexcusable.

Original proceeding. In Matter of the Disbarment of P. C. Morrison, an attorney. Judgment of disbarment.

*Byron S. Payne,* Attorney General, and *E. R. Winans,* Assistant Attorney General, for the State.

*John B. Hanten,* and *Julius Skaug,* for Respondent.

GATES, J. Respondent was admitted to the bar of this state December 15, 1910. On March 8, 1918, charges of unprofessional conduct were filed against him. They were referred to the Attorney General, who made report thereon. and on July 24, 1918, a formal complaint was filed, by direction of the court, which embraced 13 charges, 1 being subsequently added. The matter was referred to A. K. Gardner, Esq., referee, who filed his report December 29, 1919. The delay in disposing of the matter was largely caused by the absence of respondent in the military service of the United States. Upon the oral argument the Attorney General stated that some of the charges were practically abandoned, owing to the change of front of witnesses who had theretofore made affidavits.

[1] Respondent was called by the Attorney General as an adverse witness for cross-examination under the provisions of chapter 72, Laws 1909, now section 2714, Revised Code 1919, on the trial of nearly all of the charges. Objection was urged by respondent that this statute did not apply to this kind of proceeding, and therefore that the witness could not be called, and that his testimony would be incompetent. The objection was without merit. This is not a criminal action, but is a proceeding of a civil nature. State v. Kirby, 36 S. D. 188, 154 N. W. 284; In re Egan, 36 S. D. 228, 154 N. W. 521; 2 R. C. L. 1088. No good reason is called to our attention why the accused in a

disbarment proceding may not be called for cross-examination the same as in any other action or proceeding of a civil nature.

[2, 3] The court has given most careful attention to the report of the referee, the exceptions filed therto by both parties, and the voluminous transcript of the evidence, consisting of more than 2,400 pages, and has made and filed its finding of fact and conclusion of law, as well as further evidentiary findings reference to which is made. The disposition of two of the charges by the referee adversely to respondent is sustained. The disposition of five other charges by the referee favorably to respondent is reversed. The disposition of the remaining seven charges by the referee favorably to respondent is sustained.

The court finds the respondent to be an unfit person to be permitted to practice law in the courts of this state, the evidence showing such unfitness in a variety of ways.

[3-7] Respondent sought to and did represent persons having a conflict of interest in a probate proceeding without making a full and fair disclosure to those later employing him of the facts of such conflict. Hosford v. Eno, 41 S. D. 65, 168 N. W. 764, L. R. A. 1918F, 831; Canon 6, Code of Ethics, Am. Bar Ass'n and S. D. Bar Ass'n. He wrongfully and with motives of ill will and oppression caused four complaints charging criminal libel to be filed at a place 35 miles from the residence of defendants and of respondent (where the alleged libels were committed), and caused defendants to be arrested on a Sunday evening and transported thence overland, and by reason of their inability to secure bail at such place defendants were kept in the custody of the sheriff nearly two days. No justifiable reason was shown why the complaints should not have been filed at the place of residence. Even if, as found by the referee, respondent did not therein act as an attorney, but as a citizen, yet that did not lessen his amenability to disbarment. In re Cary (Minn.) 177 N. W. 801. He maliciously, while retained as special counsel for the prosecution, caused to be published in a newpaper an article attacking one then under arrest charged with a felony, which article tended to inflame the community in which such person would be tried and to prevent a fair trial. Canon 20, Code of Ethics, Am. Bar Ass'n and S. D. Bar Ass'n. In two cases he received in advance fees for services to be rendered clients, and

abandoned and neglected their interests. Re Maloney, 35 N. D. 1, 153 N. W. 385. He undertook to bring an action in another state against a surgeon for malpractice, and not only did not do so, but willfully represented to his client that he had done so. Rev. Code 1919, § 5272. He also testified falsely before the referee in that behalf. While the neglect of client's case might, under the circumstances, be palliated, his willful misrepresentation to his client was not excusable. He caused to be published in newspapers in Mobridge, his home town, during a long period of time, many bombastic articles, eulogistic and laudatory of himself and his professional achievements and derogatory of other attorneys. Canon 27, Code of Ethics, Am. Bar Ass'n and S. D. Bar Ass'n.

It is the opinion of this court that the respondent should be disbarred from the practice of law in the courts of this state, and his license canceled.