STATE, Plaintiff, vs. KUENZLI, Defendant.

*June 6—June 29, 1933.*

*Spencer Haven* of Hudson, special counsel for the Board of State Bar Commissioners, for the plaintiff.

For the defendant the cause was submitted on the brief of *Edward H. Ryan* of Janesville.

PER CURIAM. *Count one* charges, and the answer admits, that the defendant was convicted of the crime of embezzlement in the municipal court of Rock county, and duly sentenced to pay a fine of $200 and costs, or be confined in the Rock county jail for sixty days. At the time of the hearing before the referee the defendant was serving this sentence.

*Count two* involves a claim of Basch Company v. Frank R. Davis. The claim was received by the defendant about April 4, 1931, and was for $90. Defendant collected $5 on the account on April 4, 1931, and $85 on April 18th, and was entitled by agreement to a twenty per cent. commission, leaving a balance due to the client of $72. The money thus collected was deposited in defendant's personal account. On April 18th defendant's bank balance waš shown to be $63.18, on April 20th $6.36, and on April 21st $3.05. His account

at various times between the deposit of this money and the release to the client dropped to virtually nothing. On August 21st defendant deposited $505 to his account, and paid this claim, together with certain others involved in this case. At the time this was done defendant knew that the matter had been referred to the State Board of Bar Commissioners, and his attention had been called to the claim by the district attorney of Rock county.

*Count three* involves the claim of Wright & Sons against A. Hemingway, with the Fisher Body Company as garnishee. This item came into the hands of the defendant January 29, 1931, and was before him as justice. Beginning with March 30, 1931, and ending with May 4, 1931, defendant collected a total of $103.70, and on April 9th remitted on this collection $44.08. The balance was remitted on August 22d, after the deposit of the $505 heretofore mentioned. This was likewise called to his attention by the district attorney.

*Count four* involves the claim of one Thor Osterhus against Myron Parks for $21, which came into the hands of the defendant about April 18th, and was collected in instalments beginning May 4th and ending July 18th. The defendant attempted to settle this collection by a check for $14, dated July 27, 1931, but the check was dishonored for lack of funds, and nothing has been paid on this claim.

*Count five* involves the claim of Edward Krause against Henry Matthews and two garnishee defendants. Payments were made on this claim November 26, 1929, $16.72, and November 20th, $10, which, together with the advancement of $4.40, made $31.12. Defendant claimed the costs amounted to $13.56, leaving the amount to be accounted to the claimant $17.56. This amount has never been paid to Krause, the defense being that Krause told defendant to keep the money. This is denied by Krause.

*Count six* involves the claim of Orin Hall against James R. Cox upon a note. It came into the hands of the defend-

ant on July 3, 1930. Hall advanced $8.67 for costs and defendant made collections in instalments from July 14, 1930, to November 8, 1930, totaling $37. On October 29, 1931, almost a year later, defendant remitted $21.31. Defendant charged fifty per cent. for this collection, in accordance with a claimed agreement.

*Count seven* involves a claim of $75 received for collection about February, 1931. Defendant collected the full amount of this claim in March, 1931, and was to have a fee of $15, which left $60 due to his client. This claim was not settled until August, 1931. In May, 1931, M. O. Mouat, chairman of the Grievance Committee of the Rock County Bar Association, received a complaint from the claimant, and called the matter to defendant's attention. On June 18th Mr. Mouat threatened to refer the matter to the Grievance Committee. In the conversation with Mouat, defendant admitted he could not pay at that time. At the time of settlement with his client, defendant knew that the matter had been reported to the State Board of Bar Commissioners, and on June 23, 1931, wrote a letter to Arthur McLeod, secretary of the board, asking for a few days' time "until I can make a loan I am now negotiating to settle the claims."

While these seven counts have been stated in detail, they may best be commented upon together. They present the case of a lawyer who has mingled funds of his clients with those of his own, and then, either through carelessness in keeping track of his account at the bank or by reason of financial necessity, has used these funds for his own purposes. There can be no doubt that defendant converted funds of his clients, and little doubt that he has been guilty of embezzlement in spite of what appears to have been an intention upon his part ultimately to repay the money. That the practice is a vicious one and calls for discipline goes without saying. However, it does not follow that the conduct of defendant evidences a permanent unfitness to practice law.

Defendant appears to have had a good reputation during many years of practice. The conduct herein involved covers a very short period of time, the amount involved is relatively trivial, and it is a fair conclusion that defendant did not intend ultimately to deprive his clients of their money. While this in no way operates, or even tends, to vindicate the defendant or to mitigate the seriousness of his offense, it seems to us to point to the conclusion that defendant does not merit permanent disbarment. He has been severely punished by the imposition of a jail sentence, with its attendant humiliation, and by the fact that he has been virtually out of practice for a period of a year and a half. A year's suspension, recommended by the referee, added to such punishment as has already been imposed, is sufficient in our judgment to impress upon defendant the impropriety as well as the folly of the practices for which the discipline is imposed, and to furnish reasonable hopes for defendant's complete regeneration.

It is ordered and adjudged that the defendant, Otto Kuenzli, be suspended from the practice of law for a period of one year from the date of the entry of this order, and for such period thereafter as shall expire before his license to practice law is restored and he is reinstated as a member of the bar by this court, upon the presentation of proof that the expenses of this proceeding have been paid, and upon the further condition that he shall, before being reinstated, satisfy the court both by his conduct from this time forward and by assurances then given the court that he will not, if reinstated, be guilty of such conduct as that involved in the charges made in the complaint in this action.