STATE, Plaintiff, vs. BONISZ, Defendant.

*March 9—April 11, 1939.*

158

*H. B. Rogers,* special counsel for the Board of State Bar Commissioners, for the plaintiff.

*Walter Schinz, Jr.,* of Milwaukee, for the defendant.

PER CURIAM. The defendant excepted to the findings of the referee, asserting that they are wholly unsupported by the evidence and against the great weight and preponderance thereof.

We have carefully read the transcript of the evidence adduced before the referee and conclude that the findings of the referee are amply supported by the evidence. While the findings considered alone might support a recommendation for discipline less than that of disbarment, they show a course of conduct characterized by incompetence, negligence, and dishonesty, and a lack of that trustworthiness and character which a lawyer should possess. In our opinion, we would not be justified in overturning the findings of the referee, or casting aside his recommendation. A reading of the cold record might justify one conclusion while an entirely different conclusion might be reached by a referee who saw and observed the defendant as he testified upon the trial.

That the defendant was grossly negligent cannot be questioned. His lack of attention to the matters intrusted to him was marked, and in the main unexplained and unjustified. In the Zagorski pardon matter, he collected all of his fees for the promised services in advance. His asserted reason for not promptly filing an application for pardon is at first blush plausible, but wholly unreasonable when it is considered that he practically dropped the matter after filing the application. He did not pay for the transcript of the record, and did not attend upon the hearing before the pardon board. Even assuming that he had reason to believe that he was discharged as attorney, he made no effort to return any of the fees which had been paid to him in full for all expenses and services to be rendered. There is ample testimony to support the finding that he misrepresented the status of the pardon matter to those who had paid him for the services to be rendered.

As to Count II, McKinney was not produced as a witness. It appears, however, that the defendant made a statement to the grievance committee of the Milwaukee Bar Association which was untrue, and which, upon the hearing before the referee, he admitted was false. In that matter it was concededly important that Mrs. McKinney be contacted, and that she be induced, if possible, to join in a request for her husband's pardon. The defendant stated to the grievance committee that he had contacted Mrs. McKinney, and that she had stated that she would help, and that he so reported to McKinney who was in the house of correction. The defendant never contacted Mrs. McKinney, and offered no excuse for not proceeding with that pardon except that McKinney had told him to do nothing more as the pardon matter might interfere with his request for parole.

The facts proven with respect to count III show that after being retained for the purpose of obtaining an extension of the time to redeem in a foreclosure sale he made no application to the court but simply contacted the plaintiff's attorney.

After ascertaining that an extension would voluntarily be granted by the plaintiffs in the foreclosure action upon the payment of one year's interest and the taxes it might have been a useless gesture to make formal application when his client was either unable or unwilling to pay a year's interest and the taxes. The serious charge in Count III is that he concededly was given $26.75 for the specific purpose of paying an insurance premium. He not only failed to follow instructions in a matter of vital importance to his client, but embezzled the money. It also appears that he represented to his client that the application for an extension of time would be heard by a certain judge at a certain time. His client appeared at the time mentioned, but the defendant did not appear. No application for an extension was ever made and consequently no time for a hearing could have been set.

The facts adduced in support of Count IV reveal inexcusable and unexplainable neglect. He was employed in April by Adamski to commence a divorce action based on desertion, and paid $28 on account. Adamski's wife was in Chicago. The summons and complaint were not sent to the sheriff of Cook county until shortly before the 14th day of July, 1936. The summons and complaint were promptly served and the defendant advised of such service and that the papers were being held until the sheriff's fees were paid. The fees amounted to $2.70. The defendant did not remit the fees to the sheriff and apparently gave no further consideration to the matter. Some time prior to the service of the summons and complaint, the defendant represented to Adamski that the matter would be heard by a certain judge at a certain time and requested him to be there at that time accompanied by a witness. Adamski appeared at the time stated, but the defendant did not appear. The matter, of course, could not have been set down for a default hearing since at that time the summons and complaint had not been served. So it is clear that he was most neglectful of his several clients' in-

terests, was deceitful in his representations to them, and dishonest in his handling of their money.

In *State v. Soderberg*, 215 Wis. 571, 573, 255 N. W. 906, it was said:

"The client is just as much entitled to protection against carelessness or incompetence as he is to protection against dishonesty. The lawyer who is habitually negligent in handling matters intrusted to him has as little place at the bar as the dishonest lawyer, unless he can offer convincing evidence that he can and will change his ways."

In *In re Maloney*, 35 N. D. 1, 153 N. W. 385, it was held that abandonment of a client's interest and retention of his fees for services which are not rendered constitutes a wilful violation of the duties of an attorney sufficient to warrant disbarment.

In *In re Morrison*, 43 S. D. 185, 178 N. W. 732, it was held that while failure to institute an action may be excused, misrepresentation to the client that the action had been commenced is misconduct which warrants discipline. Misleading a client by making him believe that services are being or have been performed is a violation of duty to a client and clearly cause for discipline. *State v. Barto*, 202 Wis. 329, 232 N. W. 553. Of course, conversion of a client's funds, even though subsequently repaid, constitutes embezzlement. *State v. Kuenzli*, 212 Wis. 296, 249 N. W. 511.

The referee is one of the leading members of the bar of this state. He is regarded by us as eminently fair. In matters which we have referred to him involving complaints against members of the bar he has always been considerate and conscientious. We defer, therefore, to his judgment as to the character, fitness, competency, and qualifications of the defendant. In his opinion, they are such as to completely disqualify the defendant from further practice as a lawyer in this state. It is always an unpleasant duty to enter judgment disbarring a member of the Wisconsin bar. However, we cannot shirk that duty when it appears that a member

of the bar has been guilty of a course of conduct which so markedly shows a lack of that character which the members of the bar should possess.

*By the Court.*—It is ordered and adjudged that the name of the defendant, Francis J. Bonisz, be and the same is hereby stricken from the roll of attorneys of this court and the license to practice law heretofore granted to him be and the same is hereby revoked, and he is ordered and required to desist from the further practice of law in this state.