## In re WEBB

## (159 N. W. 107.)

(File No. 3973.   Opinion filed August 29, 1916.)

**Attorney and Client—Disbarment—Misappropriation of Funds— Use of Intoxicants, Ill Health, as Defense—Reformation of Habits, Materiality.**

Where, in a proceeding for disbarment, the respondent attorney admitted and waived the charges in the accusation, but added a plea in mitigation to the effect that the acts charged arose out of serious reverses and misfortunes in the personal and business affairs of accused, by reason of which he became addicted to the use of intoxicants, causing neglect in his affairs, etc.; that for more than a year past he had reformed and had not been remiss in his professional deportment, and that he would as speedily as possible, pay off any just demands referred to in the charges, held, that the plea of reformation was wholly immaterial; that the acts of accused amply warrant disbarment.

Original proceedings in the Supreme Court, for disbarment of H. O. Webb, attorney. Judgement of Disbarment.

*Clarence C. Caldwell,* Attorney General, for Prosecution.

*H. G. Fuller,* for Respondent.

SMITH, J.   A complaint in writing, signed and sworn to

by one Linderholm, was filed in this court February 10, 1916, accusing one H. O. Webb, an attorney, practicing in the town of Doland, Spink county, of dishonest and unprofessional conduct. Said complaint was referred to the Attorney General for investigation, pursuant to chapter 85, Laws of 1911. The Attorney General made and filed his report, to the effect that the charges made could be substantiated by evidence, and recommended that proper proceedings be taken to revoke the license of the said Webb as an attorney at law. Pursuant to the order of this court the Attorney General filed a formal complaint and accusation on April 15, 1916, charging said Webb with nine distinct and separate acts of dishonest and unprofessional conduct extending over a period of years from 1909 to and including the month of January, 1916. Each and every of the acts was set out specifically and in full detail, and this court, by order of April 21, 1916, required said Webb to answer thereto on or before the 3d day of May, 1916. On May 17, 1916, the accused filed his answer, which, in substance and effect, is an admission and confession of the charges in said accusation, but adding a plea in mitigation to the effect that the various acts so charged arose out of serious reverses and misfortunes in the personal and business affairs of the accused, by reason of which he became addicted to the use of intoxicants to such an extent that his affairs were neglected and became entangled and confused; records were lost, and proper accounts of his collections and remittances were not, in some instances, maintained; that he became burdened with financial demands, and clients for whom he had collected money were crowding him for remittances when he was without funds; and that, while respondent's professional conduct was not proper, he avers for more than a year last past he has reformed and has not been remiss in his professional deportment, and that so far as he is able, and as speedily, will discharge and pay off any just demand of the character in the accusations mentioned. The answer alleges that the accused has not, upon any occasion, been guilty of an intentional deceit upon any client, nor a willful or fraudulent misappropriation of the funds of a client, and prays for such disposition of these charges as may be just, in view of respondent's reformation and his dependence upon the practice of law for the means of meeting the demands of complainants.

We deem it wholly unnecessary to discuss the facts of this case as disclosed by the record before us.

Upon the filing of the answer to said accusation, the Attorney General in open court moved for judgment of disbarment upon the answer of the accused, and upon such motion the cause was submitted by counsel for respondent without objection or demand for further hearing. A recapitulation of the particular acts charged would serve no useful purpose. They consist of a series of instances in which the accused collected moneys and and property belonging to clients, and misappropriated the same to his own use. In one or two instances the answer alleges that portions of the sums misappropriated have been returned to clients, and contains a promise of restitution as soon as the accused may be able to make restitution. We regard the plea of reformation in the answer as wholly immaterial at this time.

The acts of the accused amply warrant disbarment, and an order and judgment will be entered accordingly.