---

## In Re KAAS.

### (162 N. W. 370.)

(File No. 4017.    Opinion filed April 30, 1917.)

1. **Attorney and Client—Disbarment—Conversion of Collected Funds —Fraudulent Intent, Absence of, Expectation to Return Funds, Immateriality of.**

    The fact that an attorney, who had collected and appropriated to his own use moneys belonging to his clients, may not have intended to defraud them of such funds by permanently retaining them, and may have expected to return them to the clients, in no degree deprived his acts of their unprofessional and wrongful character.

2. **Attorney and Client—Disbarment—Converting Collected Funds— Moral Turpitude, as Involved in—Reformation, Evidence of, as Condition of Right to Continue Law Practice.**

    An attorney's acts in appropriating to his own use moneys by him collected belonging to his clients, involved moral turpitude, and required evidence of reformation before he should be permitted to again engage in practice of his profession; and, in absence of such evidence, he should be disbarred.

3. **Attorney and Client—Disbarment—Conversion of Collected Funds —Mere Suspension From Practice, Inappropriateness of, Where No Evidence of Reformation—Effect of Suspensory Order, in Restoring to Practice.**

    An order of suspension only from law practice, and not of disbarment, is inappropriate where, as in case at bar, respondent attorney, who was rightly found to have converted funds by him collected belonging to his clients, adduced no evidence of his reformation; an order of suspension being proper only where the acts complained of are technical violations of law or of professional duty; especially in that the expiration of a period of suspension would automatically restore respondent to law practice without evidence of reformation.

    McCoy, J., taking no part in the decision.

Original proceedings in the Supreme Court, for the disbarment of Otto L. Kaas, an attorney at law. Judgment of disbarment.

*Clarence C. Caldwell,* Attorney General, for the State.

*Frank Anderson, Byron Abbott,* and *Howard G. Fuller,* for Respondent.

(2.) To point two of the opinion, the State cited: 2 R. C. L. 1089; In re Egan, 154 N. W. 521.

SMITH, J. A petition was filed in this court on April 7, 1916, accusing respondent, Otto L. Kaas, of dishonorable and unprofessional conduct as an attorney at law, which was referred to the Attorney General for investigation, pursuant to chapter 85, Laws 1911. After due investigation, the Attorney General filed his report, and thereupon was further directed to file formal charges accusing respondent of dishonorable and unprofessional conduct as an attorney and counselor, and such charges were duly filed.

On May 10, 1916, respondent filed his general denial of said charges. Thereafter, on July 13, 1916, with the consent and approval of respondent and of the Attorney General, Hon. Chas. P. Bates, an attorney and counselor of this court, was appointed referee to try the issues raised, with full authority to take testimony, to rule upon the competency and admissibility of evidence, to make findings of fact and conclusions of law upon the issues presented, and to report the evidence taken and proceedings had to this court. Thereafter, on January 25, 1917, said referee filed his report, with findings of fact and conclusions of law, fully sustaining all the charges in the complaint, and to the effect that in fact and in law the conduct of respondent in the transactions specified in the complaint was unprofessional, wrongful, and dishonest.

[1] It would serve no useful purpose to state the particulars of the charges, further than to observe that they specify two cases in which respondent collected and appropriated to his own use moneys belonging to his clients. The referee reports that portions of these moneys were returned to such clients since these disbarment proceedings were begun. We refer to this fact only in connection with a further statement by the referee that in his opinion respondent "did not intend to defraud (his clients) of such

amounts by permanently retaining the same," but expected to return them to his clients. Such intent, if it existed, in no degree deprived respondent's acts of their unprofessional and wrongful character.

The writer deems it unnecessary, in view of the conclusion reached, to review respondent's evidence, further than to observe that his testimony was evasive and conflicting, when he owed a duty to the court to disclose at once the whole truth concerning the transactions complained of.

At the hearing on the motion of the Attorney General for confirmation of the referee's findings of fact, respondent's counsel urged that the moneys due clients in these transactions had been returned or secured by respondent, and that a judgment or order of suspension for a limited period would be an adequate penalty. The referee also, as a part of his report, recommended that respondent be suspended from the practice of his profession for a period of one year. Both respondent's counsel and the referee fail to recognize the fundamental fact that in these proceedings the court is not called upon to administer punishment for criminal misdeeds, but to exercise its power to make it impossible for men, whose honesty and reliability as members of the legal profession have been certified to by this court and who have wronged their clients, to commit further wrongs toward those who may seek their services.

[2] The acts of respondent found by the referee were of such character as to involve moral turpitude, and to require evidence of reformation before respondent should be permitted to again engage in the practice of his profession. Until we are fully satisfied of thorough reformation, we could not directly or indirectly certify to the honesty of one whose conduct has been such as to render him unfit as a member of an honorable profession, without being derelict in the duty we owe, as members of this court, to the public and the profession. An order of suspension is appropriate only in cases wherein the acts complained of are technical violations of law or of professional duty. With these thoughts in mind, it is sufficient to observe that the expiration of any period of suspension would automatically restore respondent to the practice of his profession without any evidence of reformation. The findings of the referee upon the facts, and his conclusion that the

acts of respondent were unprofessional, dishonest, and wrongful, are practically undisputed and must be affirmed.

Upon these findings and conclusions, we cannot do less than direct the entry of a judgment of disbarment against the respondent. It will be so ordered and adjudged.

McCOY, J., not taking part in this decision.