IN RE TEESDALE.

(183 N. W. 121.)

(File No. 4499.   Opinion filed June 2, 1921.)

**Disbarment—Inexcusable, Unjustifiable, Unprofessional, Dishonorable Conduct—Wrongful Misappropriation of Clients' Funds, Non-appreciation of Such Wrongs Committed—Non-culpatory, Impecunious Circumstances—Inexcusable Giving of False Testimony—Referee's Findings Re, and Conclusions as Unprofessional and Dishonorable Conduct, Sustained as Warranting Disbarment.**

Where in a proceeding for disbarment, the conclusion of the referee based upon the testimony and facts as found, are to the effect that the attorney has been guilty of inexcusable, unjustified, unprofessional and dishonorable conduct in violation of his duties and obligations as an attorney; that he has wrongfully misappropriated his clients' funds, which may have been due to the impecunious situation of accused and might in some instances be excused in case of an inexperienced practitioner,

yet accused did not duly appreciate the wrongs he had committed, but attempted to avoid consequences thereof by unwarranted accusations against the wronged parties; that in his testimony in one case he gave false testimony without excuse, and inexcusable on ground of ignorance or misinterpretation of his title to realty, all of which misconduct constitute such unprofessional and dishonorable conduct as bring disgrace upon the profession; this Court's opinion is that accused is an unfit person to practice law in courts of this state and that he should be disbarred and his license cancelled.

Original proceeding. In re application for disbarment of Seth Teesdale. Findings and conclusions of referee sustained, and disbarment adjudged.

*Byron S. Payne,* Attorney General, and *E. R. Winans,* Assistant Attorney General, for the Prosecution.

*Seth Teesdale,* pro se.

GATES, J. On December 3, 1918, charges of unprofessional and dishonorable conduct were filed against respondent. After a preliminary examination by the Attorney General, the matter was referred to Thos. H. Null, Esq., as referee, who filed his report on May 4, 1921, finding the accused guilty of unprofessional and dishonorable conduct. The Attorney General moved a confirmation of the report and for a judgment of disbarment. Notice of the time of hearing said motion was given to the accused, who also on May 10, 1921, filed a motion for the confirmation of said report and for judgment in accordance therewith.

The conclusion of the referee was as follows:

"From consideration of all the testimony and the facts as hereinbefore found, your referee concludes, as a matter of law: That the accused, since his admission to the bar of this state, and while attempting to practice as such an attorney in the courts of this state, has been guilty of unprofessional and dishonorable conduct in violation of his duties and obligations as an attorney and counselor at law. That such conduct has not been excused nor justified. That in his financial transactions with his clients he has wrongfully misappropriated his clients' funds that came into his hands. That while such misapplication and misappropriation may be due to the impecunious situation of the accused at the time, and might in some instances be excused in the case of a beginner in the practice and an unexperienced attorney, yet the conduct of the accused when confronted with these misap-

propriations has been such as to show that he did not have any appreciation of the wrongs he had committed, but, on the contrary, he has attempted to avoid the consequences of such wrongs by unjust and unwarranted accusations against the parties so wronged and against those who endeavored to right such wrongs. That in his testimony in the Johns-Slindee case he was guilty of giving false testimony. That there does not appear to be any excuse for the same. The falsity of the statements made by him in such testimony cannot be excused upon the ground of ignorance or misinterpretation of his title to the Pierre property. That all such misconduct disclosed by the testimony in this case, and recited in the foregoing findings, constitute such unprofessional and dishonorable conduct as bring discredit upon the profession."

It is therefore the opinion of this court that the accused is an unfit person to be permitted to practice law in the courts of this state, and that he should be disbarred therefrom, and his license canceled.