In Re FOY

(250 N. W. 671.)

(File No. 7577.   Opinion filed October 26, 1933.)

*Attorney General,* for the State.
*Philo Hall,* of Brookings, for Defendant.

PER CURIAM.   The accused, Foy, was charged in a formal complaint consisting of seven different counts with dishonest and unprofessional conduct.   The accused filed an answer, and this court thereupon appointed Honorable Byron S. Payne, an attorney and counselor of this court, as referee to try the issues raised, to make findings of fact and conclusions of law upon the issues, and to report the evidence taken and the proceedings had to this court. On August 16, 1933, the referee returned his report together with his findings of fact and conclusions of law.   The referee made recommendations for judgment on five of the seven counts, as follows: That counts 3, 6, and 7 be dismissed as not sustained by the evidence; that count 2 be dismissed as too trivial and the misconduct too slight to require disciplinary action; that count 4 be dismissed on the ground that the accused has excused himself for his violation of the statute in question and by prompt action had endeavored to correct his misdeed.   Acting upon the above recommendation of the referee, counts 2, 3, 4, 6, and 7 will be dismissed.

Count 1 involved the withholding of a collection made by the said Foy in the sum of $375.   The accused had been employed through a Mr. Levitt and a Mr. Colby to collect a certain judgment of which this $375 was a part.   The referee found that the accused received $375 on or about November 1, 1932, and further found "that the said Foy withheld from the said Levitt and said Colby information that he had received said sum of $375 in violation of his trust as an attorney, and assuming that Levitt made some claim for pay for his services in the matter, the accused has

shown no excuse or justification for the manner in which he held up and delayed settlement with his clients for the remittance of $375 received by him."

Count 5 involves another collection, which came into the hands of Foy on October 2, 1931. With reference thereto the referee found: "That the accused violated his duty to his client, Taylor, in not remitting promptly the sums of money received by him in the fall of 1931, less the amount of his charges and expense. That he has thereby caused his client annoyance, expense and loss; and that he was unprofessional toward his client thereafter in failing to answer his letters and to report the situation fully and truthfully to the client. That he was not frank and honest with the Grievance Committee of the State Bar in its effort to adjust the matter; that he has not been frank and honest with this Court in its investigation of the matter. That while accused's conduct in the beginning may be explained and excused because of his inexperience and lack of knowledge of legal rights, his persistence in his course of conduct cannot be justified, especially since he did not avail himself of the counsel of the Committee of the State Bar." The above findings of the referee are in our opinion fully sustained by the evidence. As to counts 1 and 5, the referee recommended judgment, as follows: "As to Counts One and Five, the Referee is of the view that the accused has shown therein an attitude towards his clients which, unrepented of, would justify and require the disbarment of the accused. The accused did not in his dealing with the Grievance Committee of the State Bar indicate that he had an appreciation of his misconduct towards his clients. He did not make a good faith attempt to adjust the Taylor matter through the Committee of the State Bar. The Referee has found that he has not been frank and honest with the Court in the investigation of these matters. On the other hand, the Referee has considered the inexperience of the accused in the practice, and the serious consequences that the deprivation of his license to practice law would have for him at this time. Accordingly, the Referee recommends that the burden be placed upon the accused to satisfy this Court that, in spite of his past conduct, he is at this time a fit person to be licensed to practice law. That the accused be given an opportunity to appear before the Court, and be heard thereon. That if it shall appear to the Court, that his attitudes have so

changed that he is a fit person to practice law, his license to practice be continued. That if it shall not so appear, his license be suspended with the privilege to appear before the Court after a designated time and be heard upon his fitness to practice."

In compliance with the above recommendation of the referee, this court had the accused appear before it on the 19th day of September, 1933, at which time the accused by counsel attacked the findings of the referee and the credibility of the witnesses testifying before the referee, especially the witness Levitt. Thereafter there was received by this court a statement by accused wherein he takes the attitude that the findings of the referee are not correct, but by assuming their correctness states that his conduct and attitude in the future will be entirely different from that found by the referee to exist.

At no time throughout these proceedings has the accused appeared to be repentant of his actions in connection with counts 1 and 5. He admits no wrongdoing. The position of the accused has been that, because of some trouble he had with one of the witnesses, a Mr. Levitt, this witness is simply "getting even" through these proceedings. The referee found, so far as the witness Levitt is concerned, as follows: "The claim of the accused that Levitt had acquired ill feeling towards him because of criticisms previously made by accused of acts of Levitt is not borne out by the relations which the two continued to maintain. The impression which the Referee has of Levitt is that he has acquired a rather domineering and arbitrary attitude toward others, due to his age and place of prominence in his community, and is rather relentless towards one that he believes has committed a wrong. But the Referee believes that he is credible and endeavored to tell the truth in his testimony."

After considering the transcript of the testimony this court finds no occasion to disturb the above finding of the referee. While the witness Levitt frankly admitted on the witness stand that he was not at this time friendly with the accused, still there is nothing in the record to indicate that Levitt was not correctly stating the facts as he knew them. In this connection it should also be kept in mind that, so far as count 5 is concerned, Mr. Levitt was not in any way involved. It appears, therefore, that the acts of the accused are still unrepented of, which, under the recommendations of the referee, "would justify and require the disbarment of the

accused." In addition to the attitude of the accused at this time, we are not in any manner favorably impressed with the statement of the accused that he had kept a trust fund at his home to cover these different collection items. It is undisputed that the money he received went into his checking account in the bank, and was by him checked out for his own personal needs. The referee found that "the claim of said Foy that he kept said remittance of $375 intact as a fund in cash is contradicted by the undisputed actions of said Foy, and is not believed by the Referee, and is regarded by the Referee as not worthy of belief." This court after considering the record has come very decidedly to the same conclusion.

Considering this case in the light of the cases of In re Webb, 37 S. D. 509, 159 N. W. 107, In re Kaas, 39 S. D. 4, 162 N. W. 370, and In re Teesdale, 44 S. D. 204, 183 N. W. 121, we do not feel that we can do less than direct an entry of a judgment of disbarment against the accused. It is so ordered and adjudged.

All the Judges concur.