In Re FITZPATRICK

(266 N. W. 150.)

(File No. 7793. Opinion filed March 30, 1936.)

*Walter J. Conway*, Atty. Gen., and *R. F. Drewry* and *Laurence Dimsdale*, Asst. Attys. Gen., for the State.

*E. D. Barron* and *Leo M. Fitzpatrick*, pro se, both of Sioux Falls, for defendant.

PER CURIAM. An investigation was made into the conduct of Leo M. Fitzpatrick, a licensed attorney of this state, by the Grievance Committee of the State Bar Association. Upon completion of said investigation, it filed a complaint recommending that its complaint be referred to the Attorney General for further investigation and prosecution, and that proceedings be instituted for the disbarment of Leo M. Fitzpatrick. The Attorney General thereupon filed a complaint and instituted proceedings charging the accused with certain irregularities and acts of misconduct as an attorney and counselor at law. The accused answered, and upon

the isues being joined, this court, by its order, on the 19th day of February, 1935, appointed Hon. Willis W. French of Yankton, S. D., a member of the bar of this state, as referee.

After the submission of the evidence and the arguments of counsel, the said referee, on the 13th day of November, 1935, made a report to this court of his proceedings in said matter, in the form of findings, conclusions, and recommendation for judgment, and returned to this court therewith the transcript of the testimony, the exhibits, and the evidence upon which said findings, conclusions, and recommendation for judgment were based. Upon the filing thereof, this court issued its order requiring the accused to appear and show cause why an order should not be entered in conformity with the recommendation of the referee, disbarring the accused from the further practice of law in this state. Upon the hearing of said order, the accused appeared in person and was informed that the court would hear such arguments as the accused and the Attorney General might desire to present. The accused asked that he be permitted to further examine the record and exhibits, and present a brief in writing. The accused thereafter submitted his statements and brief, and the matter is now before us for our consideration. This court has painstakingly examined the evidence contained in the transcript and record for the purpose of ascertaining if the evidence is sufficient to sustain the findings, conclusions, and referee's recommendation for judgment.

Accused contends in his brief that there is a failure of proof to sustain any of the counts in the amended complaint, and that none of the referee's findings are supported by the evidence. The referee had the opportunity to both see and hear the witnesses who gave oral testimony before him, and a careful reading of the evidence before us greatly impresses us with his cautious and careful attention to the evidence submitted in the matter.

The facts covering the charges in the nine counts against the accused are treated quite fully in the findings of fact made by the referee. In count 1, the accused was charged with embezzlement from an estate of which he was the executor. In count 2, the accused was charged with aiding and abetting in the fraudulent appropriation of a certificate of deposit. In count 3, he was charged with illegal, unprofessional, and unethical conduct as an

attorney for certain clients, in that he coerced them into signing certain notes, deeds, etc., and transferring substantial property rights unto his care, of which he fraudulently appropriated a portion for his own use; and with neglecting the legal affairs of said clients, and persuading a certain client to solicit legal business for the accused. In count 8, accused was charged with willfully abusing the civil process of the courts by pleading pretended counterclaims and instituting unwarranted actions against parties who had started civil action in the courts or taken other steps to collect claims against him, all with the intention to delay and frighten and coerce such parties into abandoning their actions or claims. In count 7, accused was charged with willfully and fraudulently appropriating the proceeds of a check made payable to him as attorney, but the proceeds of which belonged to his client. In counts 4, 5 and 9, accused was charged with unprofessional, unethical, and improper conduct in his relations with certain clients of his, as well as unprofessional and illegal conduct in his business and professional relations with a certain stenographer in his employ.

We feel that the referee was fully justified, from the record and all matters submitted, to reach his conclusion and recommendation for judgment, which is as follows: "The Referee concludes as to Count Six that it be dismissed; as to Counts Four, Five and Nine that the misconduct of Fitzpatrick, if considered apart from the other Counts, would merit the admonition and warning of the Court; that Fitzpatrick's misconduct as shown under Count Seven, if considered alone, would merit suspension; and that the misconduct of Fitzpatrick, as shown under any one of Counts One, Two, Three and Eight would merit disbarment; and the Referee recommends that judgment be entered revoking and canceling the license of Leo M. Fitzpatrick to practice as an attorney and counselor at law and striking his name from the roll of attorneys."

A review of the facts and the decisions in this state strongly indicates that the conduct of the accused should not be condoned or excused. We see no useful purpose in further detailing the various charges of unprofessional conduct, or in quoting from decisions of this court wherein we have held that such conduct warranted disbarment. Therefore, considering this case in the light of In re Foy, 62 S. D. 23, 250 N. W. 671, In re Teesdale,

44 S. D. 204, 183 N. W. 121, In re Kaas, 39 S. D. 4, 162 N. W. 370, and In re Morrison, 43 S. D. 185, 178 N. W. 732, we feel that it is imperative that an entry of judgment of disbarment be entered against the accused.

It is so ordered and adjudged.

All of the Judges concur.