## In Re JACQUITH.

(270 N. W. 649.)

(File No. 7865. Opinion filed December 31, 1936.)

*Walter Conway,* Atty. Gen., and *Laurence Dimsdale,* Asst. Atty. Gen., for the State.

*Henry C. Mundt,* of Sioux Falls, for Accused.

PER CURIAM. A complaint in disbarment was filed against the above-named Norman Jacquith, charging him wtih certain acts of misconduct in violation of the duties of an attorney at law.

The complaint embraced some fifteen different charges of improper and unprofessional conduct. A hearing was held in the courtroom of the courthouse, in the city of Vermillion, Clay county, S. D. The referee's report was brought on for hearing before this court, and was argued orally by the Attorney General and counsel for accused, both parties filing typewritten briefs.

It would serve no useful purpose to recite in detail the several charges in the complaint, or to set forth and review the evidence offered concerning each charge, together with the specific findings and conclusions of the referee relating thereto. It will be sufficient to summarize the charges sustained and the recommendations of the referee, and to briefly state the reasons he has given for making those recommendations which are of vital importance to the court in the disposition of this case.

The referee has recommended that counts 2, 3, 7, 9, 12, and 13 be dismissed. The referee has found and recommends that the accused is amenable to discipline by this court on several counts contained in the camplaint. From said report

it is disclosed that count 14 was a borderline case, and that the charges of violating certain penal statutes, contained in counts 8 and 10, make him amenable to discipline by this court. The referee further recommends that the accused is amenable to discipline under counts 1, 4, 5, 6, 11, and 15.

The findings and conclusions on said counts show clearly that the accused has been guilty of misconduct. Said counts may be briefly summarized as follows: In count 1 the accused is charged with having filed a verified claim, as state's attorney, for an illegal item for mileage in the sum of $12. Count 4 relates to certain advice given by the accused to one O'Connor in taking possession of a threshing outfit, and that the accused was guilty of improper and unprofessional conduct in giving such advice. Count 5 relates to the conduct of the accused as state's attorney in a certain bastardy proceeding, in threatening a witness named Olson, for the purpose of preventing his appearance as a witness for the defendant. Count 6 relates to the accused, while state's attorney for Clay county, exacting an agreement from one Trumbo for certain compensation in a workmen's compensation action. Count 11 charges the accused with wrongfully and unethically changing the official records of an action pending in the circuit court of Clay county, by changing the name of one of the plaintiffs and by adding a motor company as defendant. Count 15 charges the accused with having endeavored to mislead one of the judges of the circuit court in an effort to persuade the court to appoint him as attorney to represent an alleged indigent defendant, when in fact the defendant had gainful employment and was able to pay his own attorney fees.

The referee has assigned certain reasons for making recommendations subjecting the accused to discipline, as follows: "The transactions which formed the basis of these various Counts are more or less of a trivial character in that the amounts involved are small. Viewed in the most favorable light to the accused, his actions—with reference to these matters—were prompted rather by an ignorance of the duties and responsibilities of a lawyer than by deliberate wilful misconduct. The very multiplicity of the charges which were proven makes it impossible to overlook the actions of the accused, and under the circumstances he is necessarily amenable to discipline by the Court."

■ ■ In view of the recommendations of the referee, it is the decision of this court that the accused, Norman Jacquith, be subjected to the discipline of this court. Taking into consideration the conclusions of the referee that the misconduct of the accused was not willful but was more the result of his ignorance and carelessness, and realizing that the purpose of a proceeding of this nature is not to punish the accused but to determine his fitness to be intrusted with the duties and obligations of an attorney at law, it is the opinion of this court that a judgment of suspension, rather than of complete disbarment, will sufficiently impress upon the accused the necessity in the future of abstaining from any illegal or improper acts in his professional capacity.

It will be the judgment of this court that all right and license of the accused to engage in the practice of law be suspended for the period of six months from and after the entry by this court of an order to that effect.

All the Judges concur, except RUDOLPH, J., who was not present at the oral argument and did not participate.