## In Re NEQUETTE

(283 N. W. 168.)

(File No. 8167. Opinion filed December 30, 1938.)

*Clair Roddewig,* Atty. Gen., and *Ellsworth Evans,* Asst. Atty. Gen., for the State.

*H. F. Fellows,* of Rapid City, for A. R. Nequette.

PER CURIAM. Pursuant to complaint filed by the Grievance Committee of the State Bar of South Dakota and to the order of this court, charges of unprofessional conduct were filed against A. R. Nequette, duly licensed attorney at law of Edgemont, South Dakota. Thereafter the usual proceedings were conducted, and the matter is now here for disposition upon the findings of fact, conclusions of law, and recommendation of the referee.

Among other things, the findings disclose five different instances in which Mr. Nequette converted the funds of his clients to his own use. The referee concludes that the accused was guilty of unprofessional conduct in so doing. Other findings and conclusions deal with professional negligence of the accused.

For reasons not deemed important, the referee recommends suspension for one year as a means of rebuilding the accused physically and mentally. That which was said by this court in Re Kaas, 39 S. D. 4, 162 N. W. 370, is applicable here: "The acts of respondent found by the referee were of such character as to involve moral turpitude, and to require evidence of reformation before respondent should be permitted to again engage in the practice of his profession. Until we are fully satisfied of thorough reformation, we could not directly or indirectly certify to the honesty of one whose conduct has been such as to render him unfit as a member of an honorable profession, without being derelict in the duty we owe, as members of this court, to the public and the profession. An order of suspension is appropriate only in cases wherein the acts complained of are technical violations of law or of professional duty. With these thoughts in mind, it is sufficient to observe that the expiration of any period of suspension would

automatically restore respondent to the practice of his profession without any evidence of reformation."

 The findings and conclusions of the referee standing unchallenged, disbarment must follow. In re Kaas, supra; In re Foy, 62 S. D. 23, 250 N. W. 671; In re Brown, 64 S. D. 87, 264 N. W. 521; In re Fitzpatrick, 64 S. D. 227, 266 N. W. 150; In re Nelson, 65 S. D. 448, 274 N. W. 833.

It is ordered and adjudged that an order of disbarment be entered forthwith against the accused.

POLLEY, RUDOLPH, WARREN, and SMITH, JJ., concur.
ROBERTS, P. J., disqualified and not sitting.