In re AABERG

(287 N. W. 506.)

(File No. 8140. Opinion filed August 16, 1939.)

*Benjamin D. Mintener,* Asst. Atty. Gen., for the State.

*Olaf Eidem,* of Brookings, for the Accused.

POLLEY, J. This is a disbarment proceeding prosecuted against Casper G. Aaberg, a legally licensed and regularly practicing attorney at law and practicing his profession in the city of Brookings.

The complaint contains eight separate counts. No evidence was submitted in support of count 8 and no further mention will be made of that count. Count 1 contains a complaint by Louis Norgaard; counts 2 and 3 contain complaints by Clay B. Smith; count 4 contains a complaint by Clara Johnson; count 5 contains a complaint by William Heppler; count 6 contains a complaint by Edwin Brickson and count 7 contains a complaint by Glenn Perry.

Each complaint charges the accused, in identical language, with improper, unprofessional and wilful conduct, in violation of his duties and obligations to his clients, and in violation of the oath which he took pursuant to section 5256 of the Revised Code of 1919 (now SDC 32.1111).

A referee was appointed by this Court who took testimony and made findings of fact and conclusions of law. In his conclusions of law the referee completely exonerated the accused of all charges made against him, except in count 1 and count 2.

In count 1 the referee found: "That there was unnecessary delay, after receiving the $500.00 from Horstad in May, in paying the Norgaards their share of said money. This, was partly the fault of the accused and partly the fault of the Norgaards in delaying the signing of the release above mentioned."

In count 2 the referee found: "That there was some delay in obtaining the discharge of the said Smith in the bankruptcy proceedings, there having been objections made to his discharge, which was partly responsible for the delay."

As his conclusion of law the referee found as follows: "The referee is of the opinion that under the evidence in this matter the accused should not be either suspended or disbarred, but that he should be reprimanded."

 An examination of the transcript satisfies us that the findings of fact made by the referee are supported by the evidence and such findings will not be disturbed by the court.

The conclusions reached by the referee in count 1 and count 2, including the reprimands, are warranted by the findings of fact and are approved and confirmed by the Court. The exceptions filed by the Attorney General are overruled.

No costs will be taxed.

WARREN, P.J., not sitting.

ROBERTS, RUDOLPH, and SMITH, JJ., concur.