In Re KEITH

(3 N. W.2d 88.)

(File No. 8335.   Opinion filed March 23, 1942.)

Leo A. Temmey, Atty. Gen., for the State.
Tom Kirby, of Sioux Falls, for A. J. Keith.

PER CURIAM.   The accused, A. J. Keith of Sioux Falls, South Dakota, was duly licensed as an attorney at law in this state on the 16th day of January, 1901.   Prior to the year 1939, complaints against the accused had been made to the grievance committee of the State Bar of South Dakota. This committee appointed a member of the Bar of this state to investigate these charges and on July 25, 1939, this investigator made a report to the Bar Committee, which was submitted to this Court.   The charges were then referred to the Attorney General.   The Attorney General made another investigation of the charges, the results of which were also reported to this Court, and on October, 1939, an order was entered directing the Attorney General to file a formal complaint in disbarment against the said A. J. Keith.   The complaint was filed and the accused answered thereto, whereupon this Court appointed the Hon. R. C. Bakewell, Judge of the Circuit Court of the 4th Judicial Circuit, as referee to take evidence on the issues presented by the pleadings, make findings of fact and report the same to this Court, together with his recommendations for judgment. The issues were brought on for hearing before the referee and thereafter the referee filed in this Court, his report and recommendations, wherein he recommended the disbarment of the said A. J. Keith.   This report of the referee was brought on for hearing before this Court on the 24th day of

November, 1941, at which time the accused appeared with counsel, and the Attorney General appeared in support of the report of the referee.

In addition to practicing law, the accused has conducted an extensive collection business and most of the charges against the accused consisted of his failure to remit funds belonging to his clients. An extended discussion of the separate charges we do not believe is necessary. We have read the transcript of the evidence and considered carefully the entire record, which leads to no other conclusion than that the referee was amply justified in making his conclusion No. III, which is as follows:

"That the facts proven in support of Counts I to VI inclusive and Counts IX and XIV of the complaint, support and sustain the charges therein contained that accused wilfully and unlawfully misappropriated funds belonging to clients, which had come into his hands."

In addition to the foregoing, the referee found two other instances of unprofessional conduct of a somewhat different nature, but also arising from the collection business conducted by the accused. We do not deem it necessary to go into these two additional findings. The facts found with reference to Counts I to VI inclusive and Counts IX and XIV are of such a character that disbarment must follow. In re Kaas, 39 S. D. 4, 162 N. W. 370; In re Foy, 62 S. D. 23, 250 N. W. 671; In re Brown, 64 S. D. 87, 264 N. W. 521; In re Fitzpatrick, 64 S. D. 227, 266 N. W. 150; In re Nelson, 65 S. D. 448, 274 N. W. 833; In re Nequette, 66 S. D. 363, 283 N. W. 168.

As disclosed from the above statement, the investigations in this case have been extensive. The accused has been offered every opportunity. Nothing has appeared from these investigations nor from the evidence submitted by the accused which would, in any manner, justify his actions in failing to remit the funds collected. This Court can do no less than direct an entry of a judgment of disbarment against the accused. It is so ordered and adjudged.

All the Judges concur, except WARREN, J., not sitting.