IN THE MATTER OF THE DISBARMENT OF NORMAN JAQUITH

(117 N.W.2d 97)

(File No. 9979. Opinion filed September 26, 1962)

Rehearing denied November 13, 1962.

**A. C. Miller,** Atty. Gen., **Gerald L. Reade,** Asst. Atty. Gen., Pierre for the State.

**Charles Lacey, Henry C. Mundt,** Sioux Falls, for Petitioner.

PER CURIAM. This is a disbarment proceeding against Norman Jaquith of Vermillion, South Dakota. The defendant was admitted to the practice of law in South Dakota in 1927 and has been duly enrolled and actively engaged in the practice since that time, except for a period when he was suspended by this Court for unprofessional conduct. See In re Jacquith (1936), 65 S.D. 58, 270 N.W. 649.

In the present proceeding, Hon. Walter Seacat, one of the Judges of the Fourth Judicial Circuit, was appointed by this Court as Referee to try the issues raised by the pleadings. Trial of the matter was commenced on March 6, 1962 and continued, with some interruptions, until March 22, 1962. After having a transcript made of all of the evidence and hearing the arguments of counsel, said Referee made and filed herein his findings of fact and recommendations.

The Referee entered findings of fact unfavorable to the accused on charges of improperly procuring and presenting bail bonds; soliciting clients; advising a client, known by him to be guilty, to repudiate his confession, to stand trial and to testify falsely, and that Jaquith, in an attempt to

impeach a witness for the state, introduced a statement which he knew to have been falsely made at his own solicitation.

The Referee further found that Jaquith, as a part of these proceedings, prepared an application to the Supreme Court, which application contains false and defamatory accusations against county and state officers, and that he prepared for publication and released to newspapers, during the trial of this proceeding, material designed to influence public opinion in his favor, to the injury of the reputation of other members of the Bar, county and state officials.

The Referee entered a further finding of fact that Jaquith knowingly and deliberately gave false testimony during his trial.

Based on these findings, the Referee made recommendations that Norman Jaquith be disbarred forever from the practice of law in this state.

The defendant has filed exceptions to the report of the Referee, contending principally that the evidence is insufficient to support the findings of fact therein; that certain witnesses against the defendant, on whose testimony the findings were predicated, were convicts, unreliable and not worthy of belief; that the recommendations are not supported by valid findings of fact and that the recommendations of permanent disbarment are excessive and unnecessary.

■ ■ The question as to whether the determination of facts in a proceeding of this nature is for the Referee or for this Court has arisen on many occasions in this state. The established rule is stated in the language used by this Court in In re Schmidt, (1944) 70 S.D. 161, 16 N.W.2d 41, as follows:

> "While it might be that under the provisions of SDC 33.1513 the findings of fact of the referee are not conclusive when presented to the court, nevertheless, these findings and the report are entitled to the careful consideration of this court which is mindful of the fact that the referee saw

and heard the witnesses with all the advantage that is gained from such personal contact. This court has consistently refused to disturb the findings of the referee in disbarment proceedings where the findings are supported by the evidence." In re Aaberg, 66 S.D. 613, 287 N.W. 506; In re Nequette, 66 S.D. 363, 283 N.W. 168; In re Brown, 64 S.D. 87, 264 N.W. 521; In re Foy, 62 S.D. 23, 250 N.W. 671. See also In re Goodrich, (1959) 78 S.D. 8, 98 N.W.-2d 125.

■ This Court follows the rule that charges in disbarment cases "must be established by a clear, undoubted preponderance of the testimony." In re Sherin, (1911) 27 S.D. 232, 130 N.W. 761, 40 L.R.A., N.S., 801; In re Goodrich (supra).

■ A careful review of the record and all of the evidence in this case satisfies us that the findings of fact made by the Referee are supported by the evidence and such findings will not be disturbed by the Court.

Even though this Court should disregard all of the findings based on the testimony of the convicts and their relatives, as urged by counsel for defendant, and thus eliminate one finding of false testimony on the part of the defendant and the findings regarding Jaquith's conduct in connection with the criminal defense in the case of State v. Louis Crowe, the remaining findings would still show that Jaquith knowingly and deliberately testified falsely in this proceeding and that he has shown himself unqualified and morally unfit to practice law in this state.

The unfitness of Norman Jaquith to continue in the practice having been established by a clear, undoubted preponderance of the evidence, we are of the opinion that a judgment of permanent disbarment against the accused, as recommended by the Referee, should be entered.

It is so ordered and adjudged.

HALL, Circuit Judge, sitting for BIEGELMEIER, J., disqualified.

All the Judges concur.