**In the Matter of Dr. David ZAR.**

**No. 16241.**

Supreme Court of South Dakota.

Argued Nov. 30, 1988.

Decided Jan. 11, 1989.

Gerald L. Reade, Celia Miner of Brady, Reade & Johnson Yankton, for appellee, Dr. Zar.

Craig M. Eichstadt, Asst. Atty. Gen., Roger A. Tellinghuisen, Atty. Gen., on the brief, Pierre, for appellant, Bd. of Examiners of Psychologists.

WUEST, Chief Justice.

The South Dakota Board of Examiners of Psychologists (Board) appeals a circuit court order setting aside the Board's decision to revoke the professional license of Dr. David Zar (Zar) and remanding the case to the Board for further proceedings. We affirm.

Zar is a psychologist licensed to practice in South Dakota. Following reports of alleged violations of the Ethical Principles of Psychologists,[1] the Board began investigating Zar in the summer of 1983. On September 12, 1983, the Board held an informal hearing regarding the allegations against him. Zar appeared at this hearing and responded to questions posed by the Board's attorneys concerning several patients treated by him. A notice of formal action and hearing was sent to Zar on September 22, 1983. By way of this notice, Zar was informed that a hearing examiner had been appointed to preside over the formal hearing and to initially determine whether his license should be suspended or revoked for his alleged unethical conduct.[2]

---

1. On June 1, 1981, the Board, pursuant to SDCL 36–27A–25, adopted the ethical principles propounded by the American Psychological Association. This code of ethics became effective in South Dakota on February 3, 1982.

Zar's alleged unethical conduct included: (1) having close personal and/or sexual relationships with patients before, during, and after therapy; (2) possessing and distributing controlled substances; (3) disclosing confidential patient information; (4) false advertising; (5) inappropriately treating a patient with a severe mental handicap; and (6) billing for services not rendered. The first four allegations of misconduct occurred prior to the effective date of the ethical principles.

2. In the initial and amended notices of formal action and hearing, Zar was charged with violating the ethical code and making false statements

Zar then sought injunctive and declaratory relief from the circuit court, arguing that the administrative rules containing the Ethical Principles of Psychologists were improperly adopted and, therefore, had no force or effect. The circuit court granted a writ of prohibition enjoining the Board from continuing the disciplinary hearing. The Board appealed to this court and we reversed the trial court's granting a writ of prohibition, thereby allowing the Board's inquiry to continue. *See Zar v. S.D. Bd. of Examiners of Psychologists*, 376 N.W.2d 54 (S.D.1985).

Shortly thereafter, the Board appointed a new hearing examiner and amended notices of hearing were filed. Evidentiary hearings were held before the examiner on June 9–12 and July 25–28, 1986. The hearing examiner filed a memorandum decision on October 6, 1986, and subsequently held additional hearings to determine the sanction to be imposed on Zar. On January 5, 1987, the examiner filed extensive findings of fact and conclusions of law and recommended that the Board revoke Zar's license.

After Zar was informed of the hearing examiner's recommendation, he requested that the Board allow him to present briefs and oral arguments pursuant to SDCL 1–26–24. Zar's request was based on the fact that four of the Board's five members had been appointed after the initial hearing on September 12, 1983, and had not read the record or heard the case.

The Board adopted the final recommendation of the hearing examiner on January 26, 1987. Zar then appealed the Board's adverse decision to the circuit court. The circuit court set aside the Board's decision to revoke Zar's license, holding that the Board failed to follow the procedural requirements of SDCL ch. 1–26.[3] Because Zar had a property right in his license to practice psychology, the Board could not revoke that license without due process of law which requires compliance with procedural requisites. The circuit court remanded the case to the Board for further proceedings without reviewing the merits of the case.[4]

■ The Board now appeals to this court, contending that the procedural defects are not grounds for setting aside its decision. The Board also urges this court to review the Board's decision to revoke Zar's license even though the circuit court failed to reach the merits of this case. Zar, in his brief, not only responds to the issues raised by the Board, but also addresses several additional matters. He contends that the hearing examiner improperly considered allegations of unethical conduct occurring prior to the adoption of the code of ethics. Zar also claims that the hearing examiner was biased. Finally, he argues that the standard of proof in this matter should be higher than a preponderance of the evidence. We note that Zar has failed to comply with the notice of review require-

---

to the Board at the informal hearing. The Board sought suspension or revocation of Zar's license pursuant to SDCL 36–27A–28 which provides, in pertinent part:

> The license of a psychologist may be revoked or suspended or denied upon any of the following grounds:
> (1) The licensee is guilty of fraud or deceit in his admission to practice or in the practice of psychology;
> \* \* \* \* \* \*
> (6) The licensee has been found in violation of the code of ethics adopted by the board[.]

**3.** Under SDCL 36–27A–29, "[a]ll proceedings relative to the revocation or suspension of a license shall conform to the procedure set forth in chapter 1–26." The circuit court specifically concluded that (1) the hearing examiner's find-

ings of fact included evidentiary facts in addition to the required ultimate facts; (2) matters determined by the examiner were inappropriately categorized as findings of fact, conclusions of law, or both; (3) there was an improper ex parte consultation with the Office of the Attorney General; (4) because of the ex parte contact, the Board failed to exercise independent judgment and discretion; and (5) the decision of the Board was not its final decision since it was not accompanied by a "concise and explicit statement of the underlying facts" as contemplated by SDCL 1–26–25.

**4.** We note that the circuit court in its order and accompanying memorandum decision remanded this matter to the Board "pursuant to SDCL 1–26–36." We believe that the circuit court mistakenly cited SDCL 1–26–36 and that the applicable statute is SDCL 1–26–24.

ments set forth in SDCL 15–26A–22.[5] "Noncompliance with this statute's requirements for notice of review results in a waiver of the issues...." *Rowett v. McFarland,* 394 N.W.2d 298, 308 (S.D. 1986). Except for the standard of proof issue which we address to provide guidance to the Board on remand, we hold that Zar's claims are waived and will not consider them. We also find little, if any, merit in the Board's appeal.

SDCL 1–26–24 provides, in pertinent part:

> When in a contested case a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to the party to the proceeding other than the agency itself, shall not be made until a tentative or proposed decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the officials who are to render the decision.... The parties by written stipulation may waive compliance with this section.

Although Zar initially requested that the hearing examiner's decision be final and continued to do so throughout the proceedings conducted by the examiner, the record clearly indicates that he changed his position on this matter prior to the Board's decision to adopt the examiner's final recommendation. Zar's change in posture apparently came after he learned that the members comprising the Board were not the same as those at the informal hearing on September 12, 1983. Zar notified the Board of his changed position and requested the opportunity to appear before the Board to discuss the hearing examiner's findings of fact, conclusions of law, and recommendation. This he did through a letter sent to the Board's attorney on Janu-

ary 13, 1987. Despite Zar's initial stance and subsequent change of mind as to who should make the final determination in this matter, we recognize his statutory right to present briefs and oral arguments to the Board in light of its changed composition. The Board's failure to allow him an opportunity to present briefs and arguments before making its final decision not only contravened the clear language of SDCL 1–26–24, but also denied Zar due process of law. *See Appeal of Schramm,* 414 N.W.2d 31 (S.D.1987).

The record further indicates that the Board adopted the recommendation of the hearing examiner without reviewing the record or the findings of fact and conclusions of law. Instead, the Board apparently acted on the advice of its attorney who informed its members that the Office of the Attorney General recommended acceptance of the examiner's decision without change.

■ It is well-settled that an administrative agency is not bound by a hearing examiner's findings of fact, conclusions of law, and recommendations. *City of Moorhead v. Minn. Pub. Utilities Com'n,* 343 N.W.2d 843, 847 (Minn.1984); 3 K. Davis, *Administrative Law Treatise* § 17.16 at 327 (2d ed. 1980). An agency may "accept, reject or modify said findings and conclusions, and decisions" of the examiner. SDCL 1–26–18.1. This final decision-making process, however, requires, at the very least, that the agency review the findings of fact and conclusions of law in arriving at an independent conclusion. *See City of Moorhead,* 343 N.W.2d at 846. In the present case, it is evident that the Board merely rubber-stamped the decision of the hearing examiner upon the advice of its attorney. We believe that the Board, by

---

**5.** SDCL 15–26A–22 provides:

An appellee may obtain review of a judgment or order entered in the same action which may adversely affect him by filing a notice of review and section B of the docketing statement required by § 15–26A–4(2) with the clerk of the Supreme Court within twenty days after the service of the notice of appeal.

The clerk of the Supreme Court shall not accept for filing such notice of review unless accompanied by a docketing statement and proof of service of such notice and docketing statement on all other parties. The notice of review shall specify the judgment or order to be reviewed.

acting in this manner, failed to properly carry out its duty to render a final decision.

■ In light of the Board's failure to follow the procedural requirements of SDCL ch. 1–26, we hold that the circuit court properly set aside the decision to revoke Zar's license and remanded the case to the Board for further proceedings. On remand, the Board not only should review the examiner's findings of fact and conclusions of law in making its final decision, but also should be mindful of the proper standard of proof. "The general burden of proof for administrative hearings is preponderance of the evidence...."[6] *Matter of Schultz, Etc.*, 375 N.W.2d 509, 514 (Minn. App.1985). We are inclined to adhere to this general principle with the following exception. In matters concerning the revocation of a professional license, we determine that the appropriate standard of proof to be utilized by an agency is clear and convincing evidence.[7] We set forth this higher standard of proof and limit its application to professional license revocation proceedings because of the importance of the interest involved, i.e., a professional's career.[8]

■ Finally, we decline the Board's invitation to review the merits of the present case. On appeal, we review only those issues addressed by the circuit court. *Lehr v. Department of Labor of State of S.D.*, 391 N.W.2d 205, 207 (S.D.1986). Because the circuit court failed to reach the merits of the present case, we cannot do so now.

We affirm the decision of the circuit court remanding the case to the Board. We further instruct the Board to review the hearing examiner's findings of fact and conclusions of law *before* reaching its final decision and to utilize the standard of proof of clear and convincing evidence.

All of the Justices concur.

6. The preponderance of the evidence standard has been defined in S.D. Civil Pattern Jury Instruction 21.01 as follows:

> By a preponderance of the evidence is meant such evidence as, when weighed with that opposed to it, has more convincing force and from which it results that the greater probability of truth lies therein. In the event that the evidence is evenly balanced so that you are unable to say that the evidence on either side of an issue preponderates, that is, has the greater convincing force, then your finding upon that issue must be against the party who had the burden of proving it.

7. The quality of proof to be clear and convincing is "somewhere between the rule in ordinary civil cases and the requirements of our criminal procedure, that is, it must be more than a mere preponderance but not beyond a reasonable doubt." *Cromwell v. Hosbrook*, 81 S.D. 324, 329, 134 N.W.2d 777, 780 (1965). Evidence or testimony meets this standard if it is "so clear, direct and weighty and convincing as to enable either a judge or jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Id.*, 134 N.W.2d at 780.

This court previously has determined that charges in cases regarding the revocation of an attorney's license "must be established by a clear, undoubted preponderance of the testimony." *In re Jaquith*, 79 S.D. 677, 680, 117 N.W.2d 97, 98 (1962). We believe the standard of proof set forth in *Jaquith* is closer to the clear and convincing standard than it is to the preponderance of the evidence standard.

8. "[T]he revocation of a license of a professional [person] carries with it dire consequences. It not only involves necessarily disgrace and humiliation, but it means the end of [his or her] professional career." *Schramm*, 414 N.W.2d at 35.