**In the Matter of the Petition for Reinstatement of Merlin VOORHEES as an Attorney at Law.**

No. 15541.

Supreme Court of South Dakota.

Argued Jan. 12, 1987.

Decided April 8, 1987.

R. James Zieser, Tyndall, for Disciplinary Bd. of the State Bar Ass'n.

Ronald G. Schmidt of Schmidt, Schroyer, Colwill, & Barnett, Pierre, for petitioner.

MILLER, Justice.

Petitioner, Merlin Voorhees, was disbarred from the practice of law by order of this Court dated July 9, 1980. The facts surrounding his disbarment are published in *Matter of Voorhees*, 294 N.W.2d 646 (S.D.1980). Generally stated, Voorhees had been convicted in the United States

District Court for the District of South Dakota of the felony offense of making and using false documents to obtain excessive payments under a federal drought relief program.[1] He received probation which he successfully completed and from which he has now been discharged.

On September 15, 1986, he petitioned the Disciplinary Board of the State Bar of South Dakota (Board) for reinstatement to the practice of law. That Board conducted a hearing on September 26, 1986, and heard evidence in the form of testimony and affidavits. It found that since his conviction and disbarment Voorhees had led an "exemplary life" and that he has "the moral qualifications for admission to practice." The Disciplinary Board, apparently being concerned regarding Voorhees' "competency and learning of law," recommended that reinstatement be conditioned upon his successful passing of the South Dakota Bar Exam, including the Multi-State Professional Responsibility Examination, the Multi-State Bar Examination, and the South Dakota Essay Examination.

At the hearing before this Court on January 12, 1987, Voorhees and his counsel recognized the importance of demonstrating competence, but urged that in view of the fact that he had previously passed the South Dakota Bar exam upon his original admission to practice in 1969, coupled with his practice of law until 1972 or 1973, it would be too harsh to require him to take the examination again. Rather, they suggest that we establish some type of mandatory attendance at various Continuing Legal Education (CLE) programs of the State Bar prior to reinstatement.

A disbarred member of the bar of this state, in order to be reinstated, must demonstrate by clear and convincing evidence not only that he has fit moral qualifications, but also that he has "... competency and learning in law required for admission to practice law in this state and that his resumption of the practice of law within the state will not be detrimental to the

---

1. *See United States v. Voorhees*, 593 F.2d 346 (8th Cir.1979), *cert. denied,* 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 665 (1979), for more details regarding his criminal conviction.

integrity and standing of the bar or the administration of justice, or subversive of the public interest." SDCL 16–19–84.[2]

At the hearing before the Disciplinary Board, the bulk of the evidence centered around Voorhees' moral fitness. The Board found and concluded that he had demonstrated by clear and convincing evidence that he was morally fit. We agree wholeheartedly with that determination.

However, recognizing Voorhees' failure to demonstrate his legal competence by clear and convincing evidence, the Disciplinary Board recommended the requirement of passing the bar examination. We agree.

On several occasions in the past, we have dealt with the issue of moral fitness qualifications upon reinstatement. *See Petition of Morrison,* 45 S.D. 123, 186 N.W. 556 (1922); *In re Kaas,* 39 S.D. 4, 162 N.W. 370 (1917); *In re Egan,* 24 S.D. 301, 123 N.W. 478 (1909). This is the first time we have addressed legal competence in a reinstatement proceeding, and, obviously, this is the first time we have required the taking of a second bar examination as a condition of reinstatement by a disbarred attorney.[3] Voorhees has not raised the question of our power to impose this sanction—however, we deem it clear that we have such authority. The Supreme Court of our sister state of North Dakota considered the issue and held it possessed the inherent authority to require re-examination. *Application of Christianson,* 253 N.W.2d 410 (N.D.1977).

*See also In re Stevens,* 197 Cal. 408, 241 P. 88 (1925). We agree with its conclusion.

With the authority to license, suspend, disbar, and reinstate lawyers comes the awesome responsibility to the public of this state to assure, to the best of our ability, that lawyers have basic competence to advise and represent their clients. We intend to respond to that responsibility in a serious, conscientious manner.

Voorhees has not practiced law since 1972 or 1973, when he sold out his practice in Onida, South Dakota, to take over the operation and management of a feedlot. (It should be noted that his law practice from his admission in 1969 until its sale was principally as a business/tax practice with a limited amount of criminal law activity as Sully County State's Attorney). In addition to the obvious deficiencies caused by absence from the practice, per se, a multitude of changes have occurred in the substantive and procedural laws during his self-inflicted absence. For example, during that period the South Dakota Rules of Evidence (SDCL ch. 19–9 to –18), South Dakota Rules of Civil Appellate Procedure (SDCL ch. 15–26A), and South Dakota Code of Criminal Procedure (SDCL Title 23A) were adopted. Important changes were also made in the areas of family law (*see, e.g.,* SDCL 25–4–2, –17.1, –17.2), civil procedure (*see, e.g.,* SDCL 15–17–35), criminal law, particularly in the area of homicide

---

2. We remind members of the bar and public of the important oath each member takes as a condition of admission to the bar:

"I do solemnly swear, or affirm, that:

I will support the Constitution of the United States and the Constitution of the state of South Dakota;

I will maintain the respect due to courts of justice and judicial officers;

I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, nor any defense except such as I believe to be honestly debatable under the law of the land;

I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law;

I will maintain the confidence and preserve inviolate the secrets of my client, and will accept no compensation in connection with his business except from him or with his knowledge or approval;

I will abstain from all offensive personality, and advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which I am charged;

I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed, or delay any man's cause for lucre or malice."

SDCL 16–16–18.

3. We have, however, recently made a second bar examination a condition of readmittance of a suspended attorney. *See* Matter of the Discipline of Coacher, # 15445, argued 11–18–86, judgment suspending attorney issued November 20, 1986.

(*see* SDCL ch. 22–16), and the Uniform Commercial Code (*see, e.g.,* SDCL ch. 57A–9). The Uniform Probate Code was adopted (1974 S.D.Sess.Laws ch. 196) and repealed (1976 S.D.Sess.Laws ch. 175) and procedures for independent administation of estates (SDCL ch. 30–18A), self-proved wills (SDCL 29–2–6.1) and spousal elective share (SDCL ch. 30–5A) were enacted. Changes were also made in tort law, including repeal of the guest statute (1978 S.D. Sess.Laws ch. 240). Finally, there were revisions in the area of future interests (SDCL ch. 43–5), including repeal of the common-law rule against perpetuities (SDCL 43–5–8).

As the Supreme Courts of North Dakota in *Christianson, supra,* and Wisconsin in *State v. Brodson,* 11 Wis.2d 124, 103 N.W.2d 912 (1960), observed, there seems to be no better method for us to insure competence than successful passage of the bar exam.[4]

Therefore, being satisfied of Voorhees' moral qualifications, but needing to be reassured of his competency to practice law, we adopt the recommendations of the Disciplinary Board. Petitioner will be reinstated upon his completion of the following conditions: (1) Upon his taking and successfully passing the South Dakota Bar Examination including the Multi-State Professional Responsibility Examination, the Multi-State Bar Examination, and the South Dakota Essay Examination, and (2) upon his paying the State Bar dues.

WUEST, C.J., and MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part, dissenting in part).

I concur with that portion of the majority opinion focusing on Voorhees' moral fitness to practice law. While I agree with the majority opinion that Voorhees should also demonstrate his legal competence to resume practice, I would *not* make his reinstatement contingent upon passage of

(1) The South Dakota Bar Examination including the Multistate Bar Examination (MBE); and

(2) The Multistate Professional Responsibility Examination (MPRE).

Rather, I submit that Petitioner Voorhees can adequately demonstrate his legal competence by passing an essay examination to be prepared and scored by the Board of Bar Examiners of this State, identical to all applicants seeking admission, which examination would encompass all legal subjects contained in the South Dakota Essay Examination plus those subjects reflected in the Multistate Bar Examination. Those subjects include: contracts, torts, evidence, real property, criminal law, constitutional law, agency, business associations, civil procedure, commercial law, domestic relations, remedies, wills, conflicts, insurance, trusts, and municipal corporations. Emphasis of this test should concern South Dakota law. His favorable or unfavorable score would be submitted to the South Dakota Supreme Court for its action and ultimate decision. Thus, this Court, ably assisted by the South Dakota Board of Bar Examiners, would judge his suitability and competence to practice law.[1]

Question: Would Voorhees thus be subjected to a realistic, viable, competency examination? In my opinion, yes. There are untold law students, lawyers, and professors who decry the MBE and MPRE and its

---

4. In Supreme Court Rule 86–33, *reprinted in* SDCL ch. 16–16 app., we required that the list of subjects to be covered in the bar examination be as follows: (1) on the South Dakota Essay Examination, one or more questions on civil procedure, commercial law, corporations and partnerships, family law, remedies and wills, together with the optional subjects of agency, conflicts of law, debtor-creditor and trusts; (2) on the Multi-State Objective Examination, dealing with the subjects of constitutional law, contracts, criminal law (procedure & substance), evidence, real property and torts; and (3) the subject of legal ethics on the Multi-State Professional Responsibility Examination.

1. Also, this Court could monitor his attendance at CLE's by requiring attendance and requiring certificates of completion.

multiple choice format.[2] Offered answers may include varying ranges of correct choices. Sometimes two answers are correct and the test taker must choose between two correct answers—to pick the best overall answer. Query: Is this a fair and intelligent indicator of a person's knowledge of the law? More specific query: Are these examinations a fair and intelligent indicator of the knowledge of a man or woman who has been out of a university setting or college classroom since 1969 (almost 20 years)? Another query: Is disbarment really a lifetime affair? Is disbarment *truly* permanent?

Merlin Voorhees was not disbarred because of legal incompetence. He was disbarred by virtue of a federal felony conviction. I ask the reader to examine this author's dissent in *In re Voorhees*, 294 N.W.2d 646, 648 (S.D.1980). In my opinion, first (in 1980), and now (in 1987), Merlin Voorhees should not have been disbarred. This Court was exceedingly harsh with Voorhees. It now continues to be harsh with him, even after he has paid his dues. We have acted with the iron hand; could we not—now act—with a velvet glove? Could we not, in our discretion, mandate a test which would be fair to him? [3]

These Multistate examinations—to be administered to Merlin Voorhees—are fundamentally unfair to him. Consider some of these observations:

> "[T]he bar exam has very little relation to what you did in law school and none at all to what you will do in practice—you might think of it as kind of a rite of passage," ... As for Constitutional Law on the MBE, [Professor Jeffries] concludes that "you can suffer not from knowing too little but, from knowing too much because Multistate Constitutional Law does not reward subtlety, sophistication, insight—these are not qualities valued on the Multistate examination, instead, your examiners are looking for a kind of mechanistic, buzzword oriented

simplicity." University of Virginia Law School Professor John C. Jeffries, Jr.

> "What they test on this exam—pure and simple—is your ability to remember.... [Y]ou're going to get to the bar exam ... get to the first question and you will know the answer ... then you will look down at your four choices and the right answer *won't be there*. It is known as the best answer approach. You give ... the best wrong answer. The MBE is a very bizarre test and it requires just the right touch...." University of Virginia Law School Professor Robert E. Scott.

*BAR/BRI Digest*, 2, 5 (1986) (emphasis in original). Are these tests really benefitting either those who want to be lawyers or the public they will serve if the tests are passed? What do they really test? Are the tests turning out those who are adept at "mechanistic, buzzword oriented simplicity"? And do they reject good legal minds who have depth and insight?

These tests try to pigeonhole the law. Yes, put it in little egg-shaped ovals (witness MBE and MPRE answer sheets). It does not sell with me. The practice of law is heart and soul, learn through experience, study and reason, test and weigh, absorb the facts, recognize legal principles, conceptualize, balance, reason, formulate pleadings, write briefs, work hard, be honest, pay your bills, give your word to a fellow attorney and keep it, respect the courts, and *above all, to help people*. You cannot put that in little egg-shaped ovals. Competence to practice law cannot be measured by little ovals.

Mnemonics. Read that word. Mnemonics. Have you heard of it? It is a technique for improving the memory by which a person links an easily remembered word to legal concepts. Examples:

(1) Recalling Due Process requirements that must be complied with before a

---

2. *See, e.g.,* Pock, *The Case Against the Objective Multistate Bar Examination,* 25 J. Legal Educ. 66 (1973); Very, *Save the Essay-Style Bar Examination!!!,* 44 Pa. B.A.Q. 540 (1973).

3. The Supreme Court of South Dakota "may" condition reinstatement "upon the furnishing of proof of competency...." SDCL 16–19–87. That which constitutes "proof of competency" is left to the Supreme Court's "discretion."

valid judgment against a defendant can be entered is facilitated by

M—Minimum contacts

O—Opportunity to be heard

P—Proper service of process

(2) You cannot generally commit a crime without your

M—*Mens Rea*

A—*Actus Reus*

(3) To remember the type of possession necessary to acquire real property by adverse possession, think of possession that is

O—Open

C—Continuous

E—Exclusive

A—Actual

N—Notorious

(4) The contracts to which the Statute of Frauds applies (therefore requiring a writing) may be identified by recalling

M—Marriage (contracts made upon consideration of marriage)

Y—Year (contracts incapable of being fully performed within one year)

L—Land (contracts for the sale of land)

E—Executor or Administrator (contracts to answer for a duty of a decedent)

G—Goods (contracts for sale of some goods, e.g., UCC § 2–201(1) requires a writing when the price of goods sold exceeds $500)

S—Suretyship Agreements (contracts to pay the debt or default of another)

Students today—studying for these MBE's and MPRE's—must become buzzword artists. We should not substitute legal automatons for persons who offer a point or series of points to advance a legal argument which is questioned or disputed. Nor, for that matter, should we create lawyers who are legal automatons rather than lawyers who can gather, conclude, think, reason, reflect, and deduce. I visualize what would happen if the older members of the Bar (to include myself), whether on the plains of South Dakota or the industrial cities of the Eastern Seaboard, had to employ mnemonics to pass an MBE and MPRE! A long absence from an academic setting creates a difficult situation for an older attorney to engage in mnemonics, choosing various answers which are correct, and memorizing for multistate, multiple choice questions.

Finally, I deign to express that memory is not knowledge. Memory is the power of recall or recollection and may be employed as a device to reason. The law is vast—like an ocean—we bob on it like corks; our minds are so small and the law so vast. On an essay examination, emphasizing South Dakota law, Merlin Voorhees has an opportunity to demonstrate his competence. He has an opportunity to recognize issues, apply principles of law, and to arrive at a conclusion by reason (where answers, technical in nature, are not suggested to him). His answers are uniquely his own work product and his thought development, formulated in his own handwriting, is a product of his mind. Therefore, he is not restricted to an answer which is supposedly "absolute" and he is not in a position of attempting to guess correctly if he is unsure about various shades of correct answers. Voorhees has previously proved his overall legal competence when he fulfilled all statutory qualifications and was admitted to practice law in this state on July 31, 1969. His passage of the MBE and MPRE is unnecessary.

I have attempted and intended to come to terms with the past (*Voorhees I*) and hopefully to have achieved a reflective equilibrium, i.e., to balance societal needs with the rights of Voorhees; and, thusly, to create some peace and justice within this case. Our state statute, pertaining to readmission to the Bar, imposes a duty upon this Court which admits of wide latitude in the method and time of its fulfillment. Law is essentially a command and we, on this Court, are commanded to exercise our discretionary power. By implied terms of the majority opinion, we are, in a sense, plowing new ground. We are in the area of the penumbra and not deciding an ordinary case. All language has certain characteristics and the readmission statutes now confronting us present a penumbral situation. We are not simply "finding" law or "apply-

ing settled law to a set of facts"; rather, we are trying to apply reason and deduction in the premises. In this case, I would temper the exercise of this Court's discretion to require that Petitioner Voorhees only need pass the essay portion of the South Dakota Bar Examination to demonstrate his legal competence.