**In the Matter of the Petition of Richard W. DRAEGER, for Reinstatement to the Practice of Law.**

**No. 17223.**

Supreme Court of South Dakota.

Argued Sept. 17, 1990.

Decided Nov. 21, 1990.

R. James Zieser, Tyndall, for Disciplinary Bd.

Jeffrey L. Viken of Finch, Viken, Viken & Pechota, Rapid City, for Draeger.

SABERS, Justice.

On January 23, 1985, attorney Richard W. Draeger was convicted of shoplifting. On September 3, 1985, this Court suspended Draeger from the practice of law for

three years. On February 9, 1990, Draeger petitioned the Disciplinary Board of the South Dakota Bar for reinstatement pursuant to SDCL 16–19–84.[1] Following a hearing, the Board recommended against Draeger's reinstatement. Draeger contests the Board's recommendation.

Draeger bears the burden of demonstrating to the Board "by clear and convincing evidence that he has the moral qualifications, competency and learning" necessary to the practice of law. SDCL 16–19–84. While we must give "careful consideration" to the Board's judgment whether Draeger has met his burden, we are not bound to adopt the Board's judgment. *In re Husby*, 426 N.W.2d 27, 28 (S.D.1988); SDCL 16–19–22.

We believe that Draeger has demonstrated his moral rehabilitation with clear and convincing evidence undiminished by anything to the contrary in the record. He has presented this Court with eight affidavits from attorneys, his employer and other responsible persons with whom he is involved in community projects attesting the reliability of his character, the progress he has made in overcoming his problems and his moral fitness to resume the practice of law.

We find especially credible the lengthy testimony at the Board hearing of Dr. Donald Burnap, a psychiatrist who has known Draeger for seven years and who treated him professionally for nearly three years following his shoplifting conviction. That testimony makes it clear that Draeger's theft of twelve record albums in 1985 was not a calculated decision to steal for personal gain but a dysfunctional response to emotional depression and personality disorder. Having helped Draeger to address the root causes of the behavior over some ninety counseling sessions, Dr. Burnap is satisfied that Draeger has assumed responsibility for recognizing the onset of his depression and for taking steps to respond to it constructively. Dr. Burnap testifies

that the chances of Draeger's shoplifting again are "minimal."

The Board also commissioned Dr. Stephen Manlove to perform an independent evaluation of Draeger. Dr. Manlove's report was largely consistent with Dr. Burnap's testimony, except that Dr. Manlove termed Draeger a "recovering Kleptomaniac," which he characterized as being analogous to a recovering alcoholic.

While Draeger's learning and competence to practice law have not really been in issue and the record shows some effort on his part to keep his professional knowledge current, it has been five years since he was active as an attorney. Therefore our judgment reinstating Draeger to the practice of law is conditioned on his successful completion of the South Dakota Bar Examination, including the Multistate Bar and the Multistate Professional Responsibility portions. SDCL 16–19–87. Draeger's reinstatement is also conditioned on his payment of the costs of these proceedings and the appropriate State Bar dues. *Id.; Husby*, 426 N.W.2d at 29; *In re Voorhees*, 403 N.W.2d 738, 740 (S.D.1987).

MILLER, C.J., and WUEST and MORGAN, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in result in part; dissenting in part).

I concur in the reinstatement of Draeger to the practice of law. I also concur with the majority in its decision that Draeger should submit to an examination of his knowledge and understanding of the requirements of professional rules of conduct. However, I disagree that his reinstatement should be conditioned on his successful completion of the South Dakota Bar Examination. This would include the multi-state bar examination (multiple choice). *Matter of Voorhees*, 403 N.W.2d 738 (S.D. 1987) (*see* Henderson, J., dissenting).

---

1. The record shows that Draeger notified clients of his suspension pursuant to SDCL 16–19–78 and 16–19–79, that he notified opposing counsel in pending cases pursuant to SDCL 16–19–79, that he filed a timely affidavit of compliance with this Court pursuant to SDCL 16–19–80, that he maintained records of his compliance pursuant to SDCL 16–19–81, and that his actions otherwise conformed to the terms of his suspension.

Although the majority states that Draeger's competence to practice law has not "really" been in issue, it still insists on a test that is not necessary. An examination which requires the person tested to choose the "best of the worst answers" is an unfair test of knowledge. Yet, this is how the multi-state examination is conducted. This type of an examination is tricky and therefore breeds fear, which is a passion almost impossible of divestiture. It is academic baloney at its zenith.

Unfortunately, this test fails many deserving young people who have given seven years of their lives to become lawyers. Here, a competency test will be administered to Draeger when his competency has not been at issue. Easy it is for those who create the examination; mechanical it is for those who grade it; anguish it is to those who are forced to take it.

Like one, that on a lonesome road
　Doth walk in fear and dread,
　and having once turned round,
　walks on.
And turns no more his head;
Because he knows a frightful friend
Doth close behind him tread.
　Coleridge: The Rime of the Ancient
　Mariner VI.